EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ L. TORRES GI-MÉNEZ y WILLIAM J. ESPARRA BERRÍOS, peticionarios.

*Número:* CE-90-64          *Resuelto:* 7 de diciembre de 1992

*Norma Cotti Cruz, Subprocuradora General*, e *Iván F. Fuster, Procurador General Auxiliar*, abogados del recurrido; *Alfredo Ortiz Rivera*, abogado de los peticionarios.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El día 28 de julio de 1989 un magistrado adscrito a la Sala de Santa Isabel del Tribunal Municipal determinó causa probable para arresto, al amparo de las disposiciones de la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, contra los aquí peticionarios José L. Torres Giménez y William J. Esparra Berríos por una supuesta infracción al Art. 15 —delito grave— de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3201 *et seq.*). El caso fue remitido a la Sala de Juana Díaz del Tribunal de Distrito de Puerto Rico para

la celebración de la correspondiente vista preliminar estatuida por la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. III.

En vista de las cuestiones legales planteadas en el recurso de *certiorari* hoy ante nuestra consideración, resulta necesario transcribir el texto de la denuncia a base de la cual se determinó causa probable para arresto contra los aquí peticionarios. La misma lee:

Los referidos acusados: WILLIAM J. ESPARRA BERRIOS Y JOSE L. TORRES GIMENEZ; allí y entonces ilegal, voluntaria, maliciosa y criminalmente a sabienda[s], *violaron lo dispuesto en la Ley 8 Artículo 15 de Ley Vehicular de Puerto Rico vigente.* Consiste dicha violación en que en fecha, hora y sitio arriba indicado, éstos actuando en común y mutuo acuerdo, *se apropiaron* de un FLAIR (sic.) el cual pertenece a un Jeep marca Zusuki (sic.) modelo 1988 con tablilla ARI-334 perteneciente al Sr. Wilbert Cintrón Rosa con residencia en el Bo. Peñuelas Calle 3 # 66 de Santa Isabel.

Estos al momento de ser sorprendidos por el Gdia. Luis G. Gonzaga Santiago, placa 529 y el Gdia. Isael Rosario Ralat placa 13831 adcrito (sic.) a dicho Distrito, *transportaban* dicha propiedad en el asiento trasero del auto Toyota Tercel modelo 1988 con tablilla AUH-536 el cual fue confiscado por orden de la fiscal Ivette Hernández de la Fiscalía de Ponce. (Énfasis suplido.) *Exhibit* I, pág. 1.

Celebrada, el 27 de septiembre de 1989, la vista preliminar pautada ante el Tribunal de Distrito, Sala de Juana Díaz, *dicho foro judicial determinó causa probable contra los aquí peticionarios "por el delito imputado".* En atención a ello, el Ministerio Público radicó un pliego acusatorio contra dichos peticionarios, el cual lee:

El referido acusado, WILLIAM J. ESPARRA BERRIOS, allá en o por el día 28 de julio de 1989 y en Santa Isabel, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico - Sala de Ponce, ilegal, voluntaria, maliciosa y criminalmente *poseyó, retuvo y/o dispuso de piezas de un vehículo de motor, marca Jeep-Suzuki* Modelo 1988, tablilla ARI-334, *consistentes de un "FLAIR"* (sic.) lado derecho delantero perteneciente a LUIS N. CINTRON COLON, *a sabiendas de que*

*habían sido obtenidas de forma ilícita mediante el delito de apropiación ilegal.* Actuando en concierto y de común acuerdo con José L. Torres Giménez.

El referido acusado, JOSE L. TORRES GIMENEZ, allá en o por el día 28 de julio de 1989 y en Santa Isabel, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico - Sala de Ponce, ilegal, voluntaria, maliciosa y criminalmente *poseyó, retuvo y/o dispuso de piezas de un vehículo de motor, marca Jeep-Suzuki,* Modelo 1988, tablilla ARI-334, *consistentes de un "Flair"* (sic.) lado derecho delantero perteneciente a LUIS N. CINTRON COLON, *a sabiendas de que habían sido obtenidas de forma ilícita, mediante el delito de apropiación ilegal.* Actuando en concierto y de común acuerdo con William J. Esparra Berr[í]os. (Énfasis suplido.) *Exhibit* III, págs. 1–2.

■ Llegado el día señalado para el acto de lectura de acusación, y dentro del término solicitado por la defensa para hacer alegación, ésta radicó ante el Tribunal Superior de Puerto Rico, Sala de Ponce, una solicitud de desestimación de la acusación, amparada la misma en las disposiciones del inciso (i) de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.([1]) Alegaron en dicha moción, en síntesis y en lo pertinente, que: a pesar de que en la denuncia radicada se hacía mención específica del Art. 15 de la referida Ley Núm. 8 de 1987 (9 L.P.R.A. sec. 3214), el delito que verdaderamente se le imputaba a los acusados en el cuerpo o texto de la denuncia lo era una infracción al Art. 19 de la citada Ley Núm. 8 (9 L.P.R.A. sec. 3218) *en su modalidad menos grave*; y que siendo ello así, y habiéndose determinado causa "por el delito imputado", el Fiscal no tenía autoridad para radicar dicho pliego acusatorio.

Habiéndose opuesto el Ministerio Fiscal a la solicitud de la defensa, y luego de que el tribunal de instancia escu-

---

([1]) La citada disposición reglamentaria establece, en lo pertinente, que:

"La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

"(i) Que el fiscal carecía de *autoridad* para presentar la acusación." (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 64.

chara la *argumentación oral* que las partes tuvieron a bien hacer, dicho foro judicial declaró, en corte abierta, *sin* lugar la referida moción de desestimación. Inconformes, los acusados acudieron —vía *certiorari*— ante este Tribunal, imputándole al foro de instancia haber errado al

> ...declarar sin lugar la moción radicada por la defensa al amparo de la Regla 64(i) de Procedimiento Criminal, cuando lo imputado en la denuncia y determinación de causa fue una infracción al Artículo 19 (menos grave) y no el Artículo 15 de la ley para la protección de la propiedad vehicular; careciendo el Ministerio Público de facultad para acusar por una infracción al Artículo 15 de la referida ley. Petición de *certiorari*, pág. 3.

Le concedimos término al Procurador General de Puerto Rico, el día 23 de enero de 1990, para que mostrara causa

> ...por la cual no debamos ordenar al ministerio público que presente acusación por el delito menos grave contemplado en el Art. 19 de la Ley Núm. 8 de 5 de agosto de 1989.
> Se paralizan los procedimientos en el tribunal de instancia, hasta tanto este Tribunal disponga lo contrario.

El Procurador General ha comparecido en cumplimiento de la referida resolución. En su comparecencia sostiene dicho funcionario, en síntesis y en lo pertinente, que la *denuncia* originalmente radicada contra los peticionarios imputaba una infracción al citado Art. 15 de la referida Ley Núm. 8, por lo que la determinación de causa probable realizada por el Tribunal de Distrito, al amparo de las disposiciones de la mencionada Regla 23 de Procedimiento Criminal, "por el delito imputado" efectivamente *"autorizó"* al Fiscal a radicar una acusación por infracción al citado Art. 15 de la citada Ley Núm. 8. Sostiene el Procurador, sin embargo, que no conteniendo la *acusación* "el elemento 'transporte'", procede devolver el asunto al Tribunal Superior para que el Ministerio Fiscal solicite la enmienda de la acusación a esos efectos, ello al amparo de lo dispuesto por la Regla 38(b) de Procedimiento Criminal, 34 L.P.R.A. Ap.

II; esto es, subsanación de defecto sustancial en la acusación. *Resolvemos.*

## I

Con el propósito, o motivo, específico de combatir uno de los graves problemas delictivos que aquejan a nuestro País, *el del hurto o robo de vehículos de motor*, el legislador tuvo a bien aprobar la citada Ley para la Protección de la Propiedad Vehicular. Se estimó que mediante la creación de *delitos específicos*, relativos a vehículos de motor, se podía ayudar a conjurar, de una manera más efectiva, dicha problemática situación.[2]

A esos efectos, y con esos propósitos, se legisló para imponerle la obligación de llevar a cabo ciertas y determinadas gestiones al Secretario de Transportación y Obras Públicas de Puerto Rico (Art. 7 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3206); al Secretario de Hacienda de Puerto Rico (Art. 8 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3207); a la Autoridad de Navieras de Puerto Rico (Art. 9 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3208); a las compañías de seguro (Art. 10 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3209); a la Policía de Puerto Rico (Art. 11 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3210); a los manufactureros de llaves, mecánicos, hojalateros, pintores de vehículos de motor, operadores de centro de inspección, operadores de depósitos de chatarra y a operadores de negocios de alquiler de vehículos de motor (Art. 12 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3211), y a los dueños de los vehículos (Art. 13 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3212). Por otro lado, se le confirió a los agentes del orden público la autoridad para "detener e inspeccionar y retener para investigación",

---

[2] Véase, a esos efectos, la Exposición de Motivos de la Ley Núm. 8 de 5 de agosto de 1987; véase, en adición, *Pueblo en interés menor F.S.C.,* 128 D.P.R. 931 (1991).

por un período de tiempo razonable, cualquier vehículo de motor o pieza del mismo siempre y cuando ocurriera una o más de unas circunstancias que la Ley enumera (Art. 14 de la Ley Núm. 8, ante, 9 L.P.R.A. sec. 3213).

■ En lo que respecta a la situación específica que plantea el recurso hoy ante nuestra consideración, *mediante el citado Art. 15 de la Ley Núm. 8, ante, se intenta combatir y penalizar el "comercio ilegal" de vehículos y piezas de los mismos.* A esos efectos, dispone el Art. 15 que:

*Violaciones - Comercio ilegal de vehículos y piezas; sanciones*
Toda persona que *posea, compre, reciba, almacene, oculte, transporte, retenga o disponga mediante venta, trueque o de otro modo algún vehículo de motor o pieza de un vehículo de motor, a sabiendas de que fue obtenida mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita,* será sancionada con una pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cuatro (4) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión aquí establecida o ambas penas. (Énfasis suplido.)

Como podemos notar de una mera lectura del transcrito artículo de ley, el mismo establece un *delito grave* que puede ser cometido de *dos* (2) maneras o formas principales. *En primer lugar*, se infringe dicha disposición legal al *poseer, comprar, recibir, almacenar, ocultar, transportar y retener*, un vehículo de motor, o pieza del mismo, *a sabiendas* de que dicho vehículo, o pieza, fue obtenido mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita. *En segundo término*, igualmente infringe dicha disposición legal la persona que *disponga* mediante venta, trueque o de otro modo un vehículo de motor, o pieza del mismo, *a sabiendas* de lo antes expuesto. *Es de notar* que dicha disposición legal se infringe, en cualesquiera de las dos (2) antes mencionadas modalidades principales, *in-*

*dependientemente del valor monetario del vehículo o de la pieza del mismo.*

■ Mediante los Arts. 18 y 19 de la Ley Núm. 8, ante, 9 L.P.R.A. secs. 3217 y 3218, se castiga *la apropiación ilegal en sí* del vehículo de motor o de cualquier pieza del mismo. *En lo que respecta a las piezas de un vehículo, establece el mencionado Art. 19 que*:

> *Apropiación ilegal de pieza de vehículo*
> Toda persona que ilegalmente *se apropiare sin violencia ni intimidación de alguna pieza de un vehículo de motor, perteneciente a otra persona, será sancionada con pena de reclusión que no excederá de seis (6) meses o multa que no excederá de quinientos (500) dólares o ambas penas a discreción del tribunal, si el valor de la pieza del vehículo de motor no llegare a cien (100) dólares. Si llegare o excediere* este valor, *será sancionada con pena de reclusión por un término fijo de tres (3) años.* De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión. (Énfasis suplido.)

Como podrá notarse, mediante esta disposición legal se puede incurrir en la comisión de un delito grave o uno menos grave, *ello dependiendo del valor de la pieza hurtada o apropiada ilegalmente.*

## II

■ Una lectura de la *denuncia* que se radicara en el presente caso demuestra que el Estado, a pesar de que expresamente mencionó en la misma el citado Art. 15 de la Ley Núm. 8, ante, como el estatuto infringido, realmente le imputó a los aquí peticionarios en el cuerpo de la denuncia haber infringido tanto el mencionado Art. 15 como el antes citado Art. 19 de la Ley Núm. 8, ante. Como se puede notar, en el primer párrafo de la denuncia se le imputó la "apropiación" de *una pieza* del vehículo de motor en controver-

sia, lo que constituye una infracción al Art. 19 de la Ley Núm. 8, ante, y en el segundo párrafo de dicha denuncia se le imputó la "transportación" de la pieza del vehículo de motor, lo que constituye una violación al Art. 15 de la Ley Núm. 8, ante. En otras palabras, la *referida denuncia* adolecía del defecto de imputar más de un delito, Regla 64(j) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y/o existía una indebida acumulación de delitos en dicha denuncia, Regla 64(k) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

El problema antes mencionado se complica en vista del hecho de que el magistrado que presidió la vista preliminar, que establece la Regla 23 de Procedimiento Criminal, ante, al determinar causa probable para acusar *no* especificó el delito por el cual lo hacía, sino que hizo constar la frase "por el delito imputado". *Procede, naturalmente, preguntarse*: ¿por cuál delito?; ¿por el Art. 15 *o* el Art. 19 de la Ley Núm. 8, ante?

Dicha anómala situación es el producto o resultado directo de la *indeseable práctica* de algunos jueces de instancia de no particularizar, al determinar causa probable bajo las disposiciones de la Regla 23 de Procedimiento Criminal, ante, el *delito específico* por el cual determinan causa probable contra el ciudadano que es llevado ante su presencia. *Exhortamos, e instruimos, a los señores jueces de instancia a abandonar la práctica de hacer constar que determinan causa probable "por el delito imputado" y, en su lugar, hacer constar el delito específico por el cual determinan dicha causa probable.*

■ Dichos magistrados deben mantener presente que las disposiciones del inciso (c) de la citada Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, les autoriza a determinar causa probable por el delito que ellos entiendan procedente, independientemente del "delito" especificado en la "denuncia" a base de la cual se le somete el caso. Deben mantener, igualmente, presente que el procedi-

miento, hasta cierto punto sui géneris, que se establece en la citada Regla 23 de Procedimiento Criminal, hace innecesario que el Estado venga obligado a solicitar que se enmiende la denuncia, al amparo de lo dispuesto en la Regla 38 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en la situación de que la prueba presentada demuestre la comisión de un delito distinto al imputado en la "denuncia".[3] Dicho de otra forma, el magistrado que preside la vista preliminar está en completa libertad de admitir la prueba que tengan a bien presentar las partes y determinar causa probable por el delito que él entienda infringido, independientemente del que se imputa en la "denuncia".

## III

■ Esta situación, no hay duda, impide que en el presente caso los peticionarios sean sometidos a juicio, sin ulterior trámite, bajo la acusación radicada ante el Tribunal Superior. Ahora bien, el fundamento aducido por la defensa en apoyo de la solicitud de desestimación *no* es jurídicamente correcto. Como hemos visto, se solicitó la desestimación a base del inciso (i) de la Regla 64 de Procedimiento Criminal; esto es, que el fiscal no tenía "autoridad" para radicar la acusación. La "autoridad" a que se refiere este inciso (i) es la inherente al cargo de Fiscal según expresado y definido en la ley. Véase D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 3ra ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1981, pág. 107; véase, en adición, *Pueblo v. Pérez Casillas*, 126 D.P.R. 702 (1990).

---

[3] Distinta, naturalmente, es la situación en que se está celebrando *el juicio en su fondo* y se alega, por la defensa, incongruencia entre la denuncia, o acusación, y la prueba que pretende presentar el Estado. *Pueblo v. Santiago Cedeño*, 106 D.P.R. 663 (1978); *Pueblo v. Cancel Peraza*, 106 D.P.R. 28 (1977); *Pueblo v. Flores Betancourt*, 124 D.P.R. 867 (1989).

■ Somos del criterio que el vehículo procesal que puede ser utilizado en el presente caso para corregir la anómala situación causada por el magistrado que presidió la vista preliminar lo es el inciso (p) de la citada Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; esto es, que se presentó contra los aquí peticionarios una acusación sin que se hubiere determinado causa probable por un magistrado "con arreglo a la ley y a derecho". No podemos perder de vista, sin embargo, el hecho de que, independientemente de que no se pueda precisar el delito por el cual se determinó causa probable, *en efecto hubo una determinación de causa probable*, realizada la misma al amparo de la citada Regla 23 de Procedimiento Criminal, ante; *determinación que goza de una presunción de corrección, regularidad y validez*. A esos efectos, véanse: *Rabell Martínez v. Tribunal Superior*, 101 D.P.R. 796, 799 (1973); *Pueblo v. Tribunal Superior*, 104 D.P.R. 454, 459–460 (1975). Esto es, *no* se puede anular, o dejar sin efecto, dicha determinación de causa probable sin la celebración de una vista formal.

IV

A la luz de todo lo antes expuesto, resolvemos que el foro de instancia deberá celebrar, al amparo de las disposiciones del citado inciso (p) de la Regla 64 de Procedimiento Criminal, una vista con el propósito de determinar qué sucedió en la vista preliminar celebrada por el Tribunal de Distrito; en otras palabras, dicho foro deberá determinar cuál fue la prueba que presentó el Ministerio Fiscal en dicha vista y, en consecuencia, *por cuál delito fue que el magistrado que presidió dicha vista preliminar determinó causa probable.*[4]

---

[4] Si a juicio del magistrado de instancia la prueba que presentara el Estado durante la vista preliminar sostiene una determinación de causa probable por el delito de infracción al Art. 15 de la Ley Núm. 8, ante, la moción de desestimación deberá ser declarada sin lugar.

Por los fundamentos antes expuestos, *se expide el auto de "certiorari" radicado y se dictará Sentencia revocatoria de la orden recurrida, devolviéndose el caso al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Alonso Alonso emitió una opinión disidente, a la cual se unió el Juez Asociado Señor Fuster Berlingeri.

— O —

Opinión disidente emitida por el Juez Asociado Señor Alonso Alonso, a la cual se une el Juez Asociado Señor Fuster Berlingeri.

Disiento de la opinión del Tribunal, pues es innecesario devolver el caso al foro de instancia para que determine sobre qué delito se determinó causa probable en la vista preliminar. Obviamente dicha causa probable fue por el delito tipificado en el Art. 15 de la Ley Núm. 8 de 5 de agosto de 1987 (32 L.P.R.A. sec. 3214), *que es delito grave*, y no por el menos grave tipificado en el Art. 19 de dicha ley, 32 L.P.R.A. sec. 3218. *En los delitos menos graves no se celebra vista preliminar.* Lo que procede es permitirle al Ministerio Público enmendar la acusación presentada para que incluya el elemento de transportación del citado Art. 15, y se ordene nuevamente la celebración del acto de lectura de acusación.

I

Las Reglas de Procedimiento Criminal establecen un método integral y sistemático para encauzar el proceso penal. Su interrelación nos permite determinar el alcance de los pronunciamientos judiciales en las distintas etapas

del proceso. El caso de autos es vivo ejemplo de cómo dicha interrelación nos ayuda a entender el pronunciamiento de un juez instructor de causa probable.

La controversia ante nos trata de la aplicación de la conocida Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3201 *et seq.*).

El 28 de julio de 1989 se presentó una denuncia contra los aquí acusados peticionarios por alegadamente haber incurrido en la conducta tipificada como delito en el citado Art. 15 de la referida ley.

Sometida la denuncia a un juez instructor, éste determinó causa probable para el arresto de los peticionarios y les fijó fianza.

En vista de que el delito tipificado en el Art. 15 de la Ley Núm. 8, *supra, es grave*, se remitió el asunto ante un juez de distrito para la celebración de la vista preliminar correspondiente. Celebrada la misma, el magistrado a cargo determinó "causa probable por el delito imputado contra ambos acusados" el 27 de septiembre de 1989.

El 17 de octubre de 1989 el Ministerio Público instó las correspondientes acusaciones contra los peticionarios.

El 13 de octubre de 1989 se celebró el acto de lectura de la acusación en el cual la defensa solicitó un término para hacer alegaciones de derecho en cuanto a las acusaciones presentadas por el Ministerio Público.

El 24 de octubre de 1989 la defensa de los acusados presentó una moción de desestimación contra los pliegos acusatorios a tenor con la Regla 64(i) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Alegaba, en síntesis, "[q]ue el fiscal carecía de autoridad para presentar la acusación" por el Art. 15 de la Ley Núm. 8, *supra,* "debido a que la alegación específica por lo que se determinó causa era *la del Artículo 19" de dicha ley, en su modalidad menos grave.* Además, sostenían que, "a pesar de que en la denuncia se incluyó el número 15 como el artículo de la ley 8 que se

imputaba, el texto o cuerpo de la denuncia surge que no es el Artículo 15 el que se está imputando y por el que se encontró existencia de causa probable para el arresto". *Exhibit* IV, págs. 1–2. Finalmente sostuvieron que aun cuando "[l]a determinación de causa probable para el arresto fue por haberse apropiado de un "flair"[1] (sic.) de un Jeep", de la denuncia "no surg[ía] alegación en cuanto al valor del bien apropiado ilegalmente". *Exhibit* IV, pág. 2.

El 29 de noviembre de 1989 el Ministerio Público presentó su réplica en oposición a la desestimación de los pliegos acusatorios. Era su posición que el Art. 15 de la Ley Núm. 8, *supra*, tipificaba un delito grave que no requería el que se especificara en la denuncia "la cantidad o valor de las piezas que se posean".

El foro de instancia celebró una vista para la discusión de la moción presentada por la defensa. Oídos los planteamientos de las partes declaró, en corte abierta, sin lugar la moción de desestimación fundamenta en la Regla 64(i) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Inconformes con dicha resolución, acuden ante nos los peticionarios solicitando su revisión y la paralización de los procedimientos ante el foro de instancia. Le imputan error a dicho foro

... al declarar sin lugar la moción radicada por la defensa al amparo de la Regla 64(i) de Procedimiento Criminal, cuando lo imputado en la denuncia y determinación de causa fue infracción al Artículo 19 (menos grave) y no el Artículo 15 de la ley para la protección de la propiedad vehicular; careciendo el Ministerio Público de facultad para acusar por una infracción al Artículo 15 de la referida ley. Petición de *certiorari*, pág. 3.

## II

Antes de entrar a la cuestión medular de este recurso se impone una aclaración en cuanto al vehículo procesal uti-

---

[1] El *flare* es una pieza accesoria de lujo que se fija en los guardalodos del vehículo.

lizado por la defensa para solicitar la desestimación del pliego acusatorio. La defensa solicitó dicha desestimación fundándose en lo dispuesto por el inciso (i) de la Regla 64 de Procedimiento Criminal, *supra*. Allí se dispone que:

> La moción para desestimar la acusación o denuncia o cualquier cargo de las mismas, solo podrá basarse en uno o más de los siguientes fundamentos:
>
> . . . . . . .
>
> (i) Que el fiscal carecía de *autoridad* para presentar la acusación". (Énfasis suplido.)

La "*autoridad*" a la que se refiere este inciso es a la inherente al cargo de fiscal según expresado y definido en la ley. Véanse: *Pueblo v. Pérez Casillas*, 126 D.P.R. 702 (1990); D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 2da ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho 1980, pág. 85.

Aquí lo que la defensa cuestiona es que se haya presentado una acusación por un delito grave cuando ella entiende que la determinación de causa probable para acusar "fue por el delito menos grave", que alegan también fue imputado en la denuncia. *Lo que se está cuestionando no es, pues, la autoridad del Fiscal para acusar sino la competencia del Tribunal Superior para entender en un delito menos grave.* Para ello, el vehículo procesal más apropiado para cuestionar el pliego acusatorio es lo dispuesto en el inciso (b) de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, , a saber, "[q]ue el tribunal carece de jurisdicción para conocer del delito imputado". Este fundamento considera la falta de competencia del tribunal como fundamento para proceder al traslado del asunto al tribunal competente. 4 L.P.R.A. sec. 62; Regla 27 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. No procedería la desestimación del caso ya que la falta de competencia del tribunal nunca es causa para ello sino para el traslado a la sala o sección correspondiente o la ventilación del juicio con la anuencia del juez y la sumisión de las partes. *Pueblo*

*v. De Jesús Gómez*, 100 D.P.R. 629 (1972); *Pueblo v. Tribunal Superior*, 100 D.P.R. 80 (1971).

El argumento esgrimido en este caso por la defensa se circunscribe a señalar que el Juez de Distrito no hizo una determinación previa para acusar, sino que confirmó la hecha por el juez instructor para arrestar y someter a los imputados a juicio por un delito menos grave. Para desestimar el pliego acusatorio presentado por el Ministerio Público debían acudir al inciso (b), y no al (i), de la Regla 64, *supra*.[2] Contrario a lo que sostiene la mayoría del Tribunal, tampoco procede acudir al inciso (p) de dicha regla, pues aquí hubo una determinación de causa probable conforme a derecho. No se nos ha demostrado que existía ausencia total de prueba sobre uno de todos los elementos del delito por el cual se determinó causa o sobre la conexión de los acusados con ese delito. *Cf. Pueblo v. Rivera Alicea*, 125 D.P.R. 37 (1989). No vemos cuál es el fundamento de la opinión mayoritaria para acudir a esta regla y decidir que procede devolver el caso al foro de instancia para celebrar una vista formal conforme a la misma.

Pasamos a analizar la ley aplicable al caso.

## III

*Disposiciones legales aplicables*

El *Art. 15* de la Ley Núm. 8, *supra*, dispone:

*Violaciones—Comercio ilegal de vehículos y piezas; sanciones*

---

[2] La profesora Nevares-Muñiz, en su *Sumario de derecho procesal penal puertorriqueño*, 2da ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1980, pág. 83, nos señala al respecto:

"Entendemos que la situación en donde se juzga o intenta procesar a una persona sin una determinación previa para arrestar (en delito menos grave) o para acusar (en delito grave), es una situación de falta de jurisdicción y no propiamente de la falta de autoridad contemplada por la Regla 64(i); y tampoco cae bajo la Regla 64(p) (no se determinó causa probable conforme a la ley)."

> Toda persona que *posea, compre, reciba, almacene, oculte, transporte, retenga o disponga mediante venta, trueque o de otro modo algún vehículo motor o pieza de un vehículo de motor, a sabiendas de que fue obtenida mediante apropiación ilegal*, robo, extorsión o cualquier otra forma ilícita, será sancionada con una pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cuatro (4) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión aquí establecida o ambas penas. (Énfasis suplido.)

Su mera lectura refleja que sus elementos constitutivos son: (*a*) la posesión, compra, recibo, almacenaje, ocultación, *transportación* y retención, o (*b*) la disposición mediante venta, trueque o de otro modo, de un vehículo de motor[3] o pieza de un vehículo de motor, y (*c*) todo *"a sabiendas"*[4] de que fue obtenido mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita. Como se advertirá, éste es un delito especial de intención específica.

Por su parte, el Art. 19 de la Ley Núm. 8, *supra*, 9 L.P.R.A. sec. 3218, dispone:

*Apropiación ilegal de pieza de vehículo*
Toda persona que ilegalmente *se apropiare sin violencia ni intimidación* de alguna pieza de un vehículo de motor, perteneciente a otra persona, será sancionada con pena de reclusión que no excederá de seis (6) meses o multa que no excederá de quinientos (500) dólares o ambas penas a discreción del tribu-

---

[3] El Art. 2(b) de la Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3201) define *vehículo de motor* como "todo vehículo movido por fuerza propia" que no caiga en ninguna de las excepciones de los ocho (8) subincisos allí especificados.

[4] En cuanto al elemento "a sabiendas de que fue obtenido mediante apropiación ilegal", 9 L.P.R.A. sec. 3214, el Art. 16(8) de la Ley Núm. 8, *supra*, 9 L.P.R.A. sec. 3215(8), dispone en lo aquí pertinente, que se podrá inferir que el imputado tenía conocimiento personal de que el vehículo o pieza había sido adquirido de forma ilícita cuando ocurriera una o más de las siguientes circunstancias:

"(8) Cuando el vehículo o pieza se encuentre bajo la posesión y control de una persona que no puede probar su derecho a conducirlo o a tener posesión del mismo o misma, cuando haya sido informado como desaparecido, robado, apropiado ilegalmente o de cualquier otra forma sustraído ilegalmente de la persona con títulos sobre ellos."

nal, si el valor de la pieza del vehículo de motor no llegare a cien (100) dólares. Si llegare o excediere este valor, será sancionada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión. (Énfasis suplido.)

Este artículo tipifica como conducta delictiva la *apropiación ilegal* de alguna pieza de un vehículo de motor (*a*) sin violencia ni intimidación y (*b*) cuando dicha pieza pertenezca a otra persona. El mismo contiene una modalidad grave: cuando el valor de la pieza llegue o exceda los cien (100) dólares, y una menos grave: cuando el valor no llegue a cien (100) dólares.

Se impone el examen de la denuncia y la acusación presentada contra los imputados a la luz de estas disposiciones legales y los fines de la denuncia y acusación en el proceso criminal.

## IV

### *La denuncia y la acusación*

Reiteradamente hemos resuelto que en nuestro ordenamiento jurídico procesal penal la denuncia y eventual acusación tienen como propósito notificar, a toda persona imputada de delito, la naturaleza y causa por la cual será procesada. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Reglas 5, 34 y 35(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. González Olivencia*, 116 D.P.R. 614, 617–618 (1985). Ello es así ya que el debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito que se le imputa para que pueda preparar adecuadamente su defensa. *Pueblo v. Meléndez Cartagena*, 106 D.P.R. 338 (1977). Este requisito se cumple con una acusación o denuncia que incluya una ex-

posición de los hechos esenciales constitutivos del delito redactada en lenguaje sencillo, claro y conciso, para que pueda enterderla cualquier persona de inteligencia común. *Pueblo v. Flores Betancourt*, 124 D.P.R. 867 (1989). Para ello no se le exige al Ministerio Público ningún lenguaje estereotipado, técnico o talismánico en su redacción ni el uso estricto de las palabras dispuestas en el estatuto. *Pueblo v. Calviño Cereijo*, 110 D.P.R. 691 (1981). Sólo se le exige que el contenido, no el epígrafe, de la acusación o denuncia exponga todos los hechos constitutivos del tipo delictivo.

## V

Examinada la denuncia en el caso de autos, *sostenemos que la misma es suficiente y sirve de fundamento para la determinación de causa probable por el delito grave previsto en el Art. 15 de la Ley Núm. 8, supra.* La misma contiene todos los elementos constitutivos del referido delito, a saber, la *transportación* de una pieza de vehículo de motor (*flare*) y a sabiendas de que fue obtenido mediante apropiación ilegal. El hecho de que la denuncia dispusiera que dicho *flare* pertenecía a un jeep Suzuki propiedad del Sr. Wilbert Cintrón Rosa le imputaba a los peticionarios el elemento de "a sabiendas de que fue obtenido mediante apropiación ilegal". Cualquier persona de inteligencia común así lo entendería. Más aún, la denuncia le imputaba a ellos el haberse apropiado ilegalmente de dicha pieza y haber sido "sorprendidos" en el acto. Aun cuando la apropiación ilegal sea elemento constitutivo del delito menos grave tipificado en el Art. 19 de la Ley Núm. 8, *supra*, no impide que esa conducta esté subsumida en el delito tipificado en el Art. 15 de la Ley Núm. 8, *supra*, y sea considerada para establecer los elementos de éste. Ello no significa que deba imputársele el delito menos grave del citado Art. 19 si la prueba establece que en el curso de conducta delictiva ob-

servada por los imputados también viola las disposiciones del Art. 15, *supra.*

Ahora bien, la confusión de los imputados se produce con la determinación de causa probable para acusar por el delito imputado en la denuncia. Ellos sostienen *que la determinación de causa para el arresto fue por el delito menos grave del Art. 19 de la Ley Núm. 8, supra, y que,* por lo tanto, la determinación de causa probable en vista preliminar "podría interpretarse como una vista en alzada de la determinación de causa para el arresto" donde "el magistrado confirmó la determinación hecha inicialmente" de causa probable por el delito menos grave. *Exhibit* IV, pág. 2. No tienen razón.

*No podemos divorciar las determinaciones judiciales dentro del caso de la lógica procesal establecida por las reglas de procedimiento.*

En el caso de autos se sometió la denuncia contra los imputados el 28 de julio de 1989. Ese mismo día un magistrado determinó causa probable para sus arrestos, Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, *por violación al Art. 15* de la Ley Núm. 8, *supra, y se les fijó fianza.* El caso fue *remitido* al Tribunal de Distrito para la celebración de la correspondiente vista preliminar, Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. *Si la determinación de causa probable para arrestar hubiera sido, como insinúa la defensa, por el delito menos grave del Art. 19 de la Ley Núm. 8, supra, no era necesario remitir el caso al Tribunal de Distrito para celebrar la vista preliminar, pues sólo procedería remitir el caso para juicio. En los delitos menos graves no es necesario celebrar una vista preliminar.* Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Martínez Vega*, 98 D.P.R. 946 (1970).

*Tampoco podía el Tribunal de Distrito celebrar una "vista en alzada de la determinación de causa para el arresto" pues, según las Reglas de Procedimiento Criminal, no es el foro apropiado para ello.* Regla 24(c) de Procedimiento Cri-

minal, 34 L.P.R.A. Ap. II; *Pueblo v. Tribunal Superior*, 96 D.P.R. 237 (1968); *Alvarez v. Tribunal Superior*, 102 D.P.R. 236 (1974).

Celebrada la vista preliminar, Regla 23 de Procedimiento Criminal, *supra*, el Juez que la presidió determinó "causa probable por el delito imputado contra ambos acusados". ¿Qué significó esa determinación judicial?

Aparte de que en el formulario preimpreso, en el cual dicho magistrado tomó sus notas de la vista preliminar, *se especifica que el delito imputado era el Art. 15 de la Ley Núm. 8, supra, su determinación no puede, a base de pura lógica procesal, tener otro significado que una determinación afirmativa de causa probable para acusar por el delito grave dispuesto en el Art. 15 de la Ley Núm. 8, supra*. Regla 23 de Procedimiento Criminal, *supra*. Para poder determinar causa probable por el delito menos grave dispuesto en el Art. 19 de la Ley Núm. 8, *supra, tenía que expresamente así especificarlo* en su determinación.

Si en la determinación de causa probable para arrestar se determina causa probable por un delito grave, en la vista preliminar se puede determinar causa probable por un delito menos grave, pero el magistrado tiene *que especificar por escrito que, de acuerdo con la prueba, no existe causa probable por el delito grave por el cual el magistrado había determinado causa probable para arrestar y haber remitido el caso al Tribunal de Distrito para celebrar la vista preliminar, y sí por un delito menos grave* (que puede estar incluido en el imputado o ser distinto). Ese no es el caso de autos. *Cf.* Regla 24(c) de Procedimiento Criminal, *supra.*

Sin duda que la confusión que se ha creado en este caso desaparecería si el juez de causa probable para acusar hubiera hecho constar "el delito específico" por el cual determinó dicha causa probable. Pero en ausencia ·de ello, en casos como el de autos, la lógica procesal de las Reglas de Procedimiento Criminal nos permiten determinar el al-

cance de su decisión. En autos la expresión del magistrado de "causa probable por el delito imputado contra ambos acusados" sólo puede interpretarse como una determinación afirmativa de causa probable por el delito grave (Art. 15 de la Ley Núm. 8, *supra*) imputado en la denuncia. Después de todo, ¿cuál era el delito imputado? Tenía que ser el delito grave que llevó el caso ante la consideración del Juez de Distrito para celebrar una vista preliminar y no el juicio. No podemos imputarle al magistrado que remitió el caso al Tribunal de Distrito para esos fines el acto fútil de remitir *un delito menos grave para celebrar una vista preliminar.*

## VI

Una vez establecido que la determinación de causa probable para acusar fue por el delito grave dispuesto en el Art. 15 de la Ley Núm. 8, *supra*, procede que examinemos la acusación para determinar si la misma es suficiente y se ajusta a la autorización que se le otorgó al Ministerio Público con la determinación afirmativa de causa en vista preliminar.

Una lectura del pliego acusatorio refleja que el Ministerio Público le imputa a los peticionarios la *posesión, retención y/o disposición* del *flare* perteneciente al señor Cintrón Colón, a sabiendas de que había sido obtenido de forma ilícita, mediante el delito de apropiación ilegal. Se recordará que la denuncia, que dio base a que se determinara causa probable para acusar, sólo le imputaba a los acusados la *transportación* de dicha propiedad a sabiendas de que había sido obtenida mediante apropiación ilegal. Se notará, pues, que entre una y otra existen divergencias sobre el acto específico imputado. ¿Es ello un defecto de forma o uno sustancial del pliego acusatorio?

Sabido es que los defectos de forma son aquellas imperfecciones u omisiones en el formato del pliego acusatorio

que no afectan derechos sustanciales del acusado y que no hacen insuficiente el pliego ni el proceso posterior. Regla 36 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. *Se trata de un defecto subsanable en cualquier momento.* Regla 38(9) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; Nevares-Muñiz, *op. cit.*, págs. 76–77. Ejemplo de ello es la cita errónea en el cuerpo de la acusación en cuanto al artículo del Código Penal por el cual ha de responder el acusado, *Vizcana Castellón v. El Pueblo*, 92 D.P.R. 156 (1965); la falta de especificación de la personalidad jurídica o natural de la persona a quien se le sustraen los bienes mediante apropiación ilegal, *Pueblo v. Díaz*, 60 D.P.R. 844 (1942); el no especificar la naturaleza particular de la negligencia criminal, *El Pueblo v. Piñero*, 31 D.P.R. 1 (1922), entre otros.

Los defectos sustanciales, por el contrario, se refieren a los defectos sobre todos los hechos que es necesario probar para hacer del acto imputado un delito o, lo que es lo mismo, la falta de uno o más de los elementos constitutivos del delito imputado. Regla 38(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. González*, 97 D.P.R. 541, 543 (1969); Nevares-Muñiz, *op. cit.*, pág. 76. Cuando existe un defecto sustancial, el pliego acusatorio es insuficiente y, de no ser subsanado antes de recaer el fallo o veredicto, hará nula la convicción.

Consideramos que imputar en la acusación un acto o actos distintos a los imputados en la denuncia que dio base a la determinación afirmativa de causa probable para acusar, y que autorizó al Estado para que el Ministerio Público presentara la correspondiente acusación, es un defecto substancial del pliego acusatorio.

Ahora bien, la Regla 38(b) de Procedimiento Criminal, *supra*, dispone que "si la acusación ... adolecier[e] de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acu-

sado, las enmiendas necesarias para subsanarlo". Oportunamente solicitada la enmienda, el tribunal tiene que concederla.

Aquí el Procurador General nos ha solictado, en su comparecencia, que permitamos al Ministerio Fiscal enmendar la acusación "al efecto de incluir el *elemento de transporte* contenido en la denuncia original presentada contra los peticionarios". *Ese es el curso de acción a seguirse.*

Estando en una etapa anterior al juicio, el único efecto de dicha enmienda es retrotraer los procedimientos al acto de la lectura de la acusación para que se le dé lectura a la acusación así enmendada y los acusados hagan alegación para luego continuar con el trámite normal del caso. Regla 38(b) de Procedimiento Criminal, *supra*.

Por los fundamentos expuestos, expediría el auto y modificaría la resolución recurrida para permitirle al Ministerio Público enmendar la acusación presentada en el caso de autos a los efectos de que incluya el elemento de "transporte", contenido en la denuncia original, en el correspondiente pliego acusatorio que se presente contra los peticionarios y se pueda celebrar nuevamente el acto de lectura de la acusación. Luego de ello, se continuarían los procedimientos en el foro de instancia.

Es por ello que no podemos estar conformes con el resultado al cual llega la mayoría de este Foro. Respetuosamente disentimos.