*981 TEXTO COMPLETO DE LA RESOLUCION
El peticionario, Jonathan Quintana Beascochea, recurre de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento criminal presentado contra él, ante dicho foro, por violación al Artículo 15 de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como, "Ley de Propiedad Vehicular", 9 L.P.R.A. see. 3214. Mediante dicho dictamen, el Tribunal denegó una "Moción al Amparo de la Regla 64 (p) de la Ley y la Constitución Interpretada por la Jurisprudencia". Junto con su recurso, el peticionario ha presentado una moción solicitando la paralización de los procedimientos ante el Tribunal de Primera Instancia. Por las razones que expondremos a continuación, denegamos la expedición del recurso.
I
Según surge del recurso, al peticionario se le sometió un cargo por infracción al Artículo 15 de la Ley de Propiedad Vehicular, con relación a hechos alegadamente ocurridos el 14 de abril de 2000, determinándose causa probable para su arresto. El 2 de mayo de 2000, el foro de instancia determinó no causa para acusar. El 9 de agosto de 2000, en la vista preliminar en alzada se determinó causa probable para acusar. El pliego acusatorio fue presentado el 21 de agosto de 2000.
Así las cosas, el peticionario presentó "Moción al Amparo de la Regla 64 (p) de la Ley y la Constitución Interpretada por la Jurisprudencia". En la misma, alegó que el dictamen del magistrado de instancia de determinar causa para acusar en la vista preliminar en alzada fue contrario a derecho por cuanto la prueba era inadmisible por haberse intervenido en forma ilegal e irrazonable con el peticionario. La moción del peticionario incluyó una porción del testimonio del Agente Velázquez.
El Ministerio Público presentó, el 25 de octubre de 2000, "Réplica a Moción Regla 64(p)". En su escrito, el Ministerio Público expresó que ”[d]el contenido de los hechos vertidos por la defensa en su moción, se desprende prueba más allá de duda razonable y no meramente el quántum de scintilla requerido en vista preliminar que opera a base de probabilidades, no perdamos de vista que la determinación en vista preliminar es una de probabilidad de que se cumplieron con los elementos del delito y que probablemente el acusado fue el que lo cometió...".
El 3 de noviembre de 2000, archivada en autos y notificada el 9 de noviembre de 2000, el foro de instancia procedió a dictaminar No Ha Lugar a la moción presentada por el peticionario. Inconforme, recurre ante nos.
En su recurso, el peticionario plantea que erró el foro de instancia al declarar No Ha Lugar de plano la anteriormente reseñada moción, para la supresión de evidencia ilegalmente incautada sin previa orden judicial, sin haberse celebrado una vista evidenciaría donde el Ministerio Público presentara prueba para rebatir la presunción de ilegalidad que acompaña a toda incautación realizada sin mandamiento judicial. 
*982 n
La Regia 64 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64, enumera las causas por las cuales un imputado puede solicitar la desestimación de una acusación o denuncia, o cualquier cargo de las mismas. El inciso (p) de la referida Regla constituye el mecanismo procesal que permite a un imputado solicitar la desestimación de un procedimiento por el fundamento de que "se ha presentado contra éste una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y al derecho".
Al ser presentada una moción de desestimación al amparo de la Regla 64(p), el Tribunal tiene discreción para señalar una vista con el objetivo de pasar juicio sobre los méritos de la moción o puede rechazarla de plano si entiende que de su faz y de los demás documentos que obran en el expediente del caso, no resulta meritoria en cuanto al extremo de ausencia total de prueba para creer que el acusado cometió el delito que se le imputa. Pueblo v. Rodríguez Ríos, 136 D.P.R. 685 (1994); Pueblo v. Carballosa y Balzac, 130 D.P.R. 842 (1992); El Vocero de Puerto Rico v. E.L.A., 131 D.P.R. 356 (1992); Pueblo v. González Pagan, 120 D.P.R. 684, 687 (1988); Pueblo v. Tribunal Superior, 104 D.P.R. 454 (1975).
El Tribunal Supremo ha sostenido reiteradamente que únicamente procederá declarar con lugar la desestimación de una acusación al amparo de la referida Regla 64 (p), cuando exista ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado, o que el acusado lo cometió. Ello incluye la situación en que se presente una ausencia total de prueba sobre alguno, varios o todos los elementos del delito imputado. Pueblo v. Rodríguez Ríos, supra; Pueblo v. González Pagán, supra; Pueblo v. Tribunal Superior, 104 D.P.R. 454 (1975); Vázquez Rosado v. Tribunal Superior, supra.
Por consiguiente, la Regla 64(p) constituye un instrumento útil para el acusado, pues le permite solicitar que revisen los procedimientos de determinación de causa probable que se siguieron en su contra. El fundamento desestimatorio de la referida regla responde, a su vez, a la naturaleza misma y finalidad de la vista preliminar. Esta regla permite proteger a la persona imputada a través del filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias del proceso criminal.
Por otra parte, el Artículo 15 de la Ley de Propiedad Vehicular dispone:

“Toda persona que posea, compre, reciba, almacene, oculte, transporte, retenga o disponga mediante venta, trueque, o de otro modo algún vehículo de motor o pieza de un vehículo de motor, a sabiendas de que fue obtenida mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita, será sancionada con una pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cuatro (4) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión aquí establecida o ambas penas. ”

El Tribunal Supremo de Puerto Rico ha enumerado los elementos constitutivos de este delito de naturaleza grave en la forma siguiente: (a) la posesión, compra, recibo, almacenaje, ocultación, transportación y retención o (b) la disposición mediante venta, trueque o de otro modo, de un vehículo de motor o pieza de un vehículo de motor, y (c) todo a sabiendas de que fue obtenido mediante apropiación ilegal, robo, extorsión, o cualquier otra forma ilícita. Pueblo en interés del menor F.F.C., 130 D.P.R. 100 (1992). En dicho caso, el Tribunal dispuso: "Este es un delito especial de intención específica", a la pág. 108. Pueblo v. Torres Giménez, 132 D.P.R. 77 (1992).
A su vez, el Artículo 7 (1) del Código Penal de Puerto Rico, 33 L.P.R.A. see. 3022 (1), dispone que el término a sabiendas "implica conocimiento personal". Por su parte, el Artículo 16 de ,1a Ley de Propiedad Vehicular, supra, sec. 3215 establece que:

*983
"[s]e podrá inferir que el imputado tenía conocimiento personal de que el vehículo o pieza había sido adquirido deforma ilícita cuando ocurriera una o más de, las siguientes circunstancias.

(1)...

(8) Cuando el vehículo o pieza se encuentre bajo la posesión y control de una persona que no puede probar su derecho a conducirlo o a tener posesión del mismo o misma, cuando haya sido informado como desaparecido, robado, apropiado ilegalmente, o de cualquier otra forma sustraído ilegalmente de la persona con título sobre ellos. ”

III
Considerada la norma de derecho expuesta, examinemos el cuadro fáctico que se nos presenta en los documentos que obran en el recurso, y que fue alegadamente la prueba que tuvo ante sí el foro de instancia al sostener la acusación por el delito descrito en el Artículo 15 de la Ley de Propiedad Vehicular.
En el caso de autos, de entrada, cabe señalar que el segundo supuesto del Artículo 15, supra, a determinarse, es "si hay prueba que conecte al acusado con el delito probablemente cometido", no está en controversia. El recurrido manejaba el vehículo al momento de ser intervenido.
Nuestro examen va dirigido a determinar si hay un absoluto vacío de prueba, una ausencia total de prueba, ni una scintilla siquiera, que pueda establecer que la conducta del imputado y las circunstancias que rodean la situación de autos fue una constitutiva del delito tipificado en el Artículo 15 de la Ley de Propiedad Vehicular. Nuestra función judicial ante una moción bajo la Regla 64 (p) no es prejuzgar la suficiencia de la prueba para determinar la culpabilidad del imputado en esta etapa, sino que existe una ausencia total de la misma.
Del testimonio del Agente Velázquez se desprende lo siguiente:
“Nos dimos cuenta de un vehículo a alta velocidad de motor a exceso de velocidad, ... Prendí el biombo, puse la sirena y nos dirigimos a la Intersección con la Carretera 14. El (Jonathan) acelera y choca contra montaña. .... Jonathan sale del vehículo a las millas con las manos en la cabeza y d,ice qué había pasado. Entonces yo cogí y le dije que se mantuviera con las manos en la cabeza y que me mostrara su licencia, si la tenía y que apagara el vehículo. [E]l me dice que no lo puede apagar porque él había ingerido unas bebidas y no podía apagarlo. Cuando yo voy a apagar el vehículo, me percato de que en el "starter" (sic) del vehículo habían unas tijeras de éstas que usan las enfermeras y le dije de quién era el carro. Me dice que un primo se lo había prestado. "Más ante", le había solicitado los documentos del vehículo y me dijo que no los tenía, la registración, tampoco tenía licencia de conducir, luego dijo que tenía de aprendizaje. Luego le digo si es de tu primo, porqué el cristal de la puerta trasera está roto; me dijo que no sabía, que estaba así. Yo le dije ¿cómo diantres?, ¿cómo tu primo te va a prestar un vehículo, no te presta la llave, no te da la registración del vehículo, no te da información de cómo fue que se le rompió el cristal? Le dije que pusiera las manos sobre el bonete del carro, entonces llamé al sargento. ... Cuando pasó al lugar, pues empezamos a registrar la guagua para ver si podíamos conseguir algún documento que pudiera dar fe de quién era el dueño del vehículo. En la gaveta del vehículo del "dash", pues ahí encontramos un teléfono y una dirección de Puerto Rico Telephone Company y que estaba dirigida a una persona que es el dueño del vehículo, que es el Sr. José Ortiz.... [Ijlamamos a la casa del señor a ver si es verdad que es el dueño del vehículo. Entonces, la esposa del señor le indica que se suponía que... Se objeta. Se pudo lograr que ella nos dijera dónde estaba el esposo. El sargento fue al hospital. [E]l le dice que él dejó su vehículo en Pila y tenía su sello...”. Véase Anejo VI, a la pág. 8
Entendemos que las circunstancias del presente caso, surgidas del récord que se ha sometido ante este Tribunal, no nos lleva al convencimiento de que no estamos ante un caso de ausencia total de prueba que amerite nuestra intervención en esta etapa de los procedimientos, para decretar la revocación del dictamen recurrido.
*984 IV
Por último, en su escrito, el peticionario, conforme reseñamos anteriormente, alega que la razón de ser de su moción era una dirigida a solicitar la supresión de evidencia, conforme la Regla 234 de las de Procedimiento Criminal, supra, R. 234, por la que el Tribunal de Primera Instancia venía obligado a señalar una vista. A tales efectos, nos señala y citamos:

“Independientemente de cómo fue titulada la moción del contenido de la referida moción, se desprende que la razón de pedir de la representación legal del señor Quintana Beascochea fue obtener un pronunciamiento del Tribunal conducente a suprimir la evidencia en controversia. Sabido es que el título no hace la cosa. Correa Negrón v. Pueblo, 104 D.P.R. 286 (1975). En adición, el Ministerio Público en su moción acepta que la gran mayoría de la jurisprudencia citada por la representación legal del señor Quintana Beascochea en su moción, corresponde a casos donde se solicita la supresión de la evidencia incautada o a la validez de determinado arresto y no con respecto a la validez de la determinación de causa probable de la comisión de un delito. ”

Por su parte, el fiscal en su moción titulada Réplica a Moción 64(p), luego de argumentar y fundamentar en derecho a favor de la determinación de causa en la vista preliminar en alzada (celebrada el 10 de agosto de 2000), dice en el párrafo quinto:
“Por último, la gran mayoría de la jurisprudencia citada por la representación legal del acusado en su moción, corresponde a casos donde se solicita la Supresión de la Evidencia incautada o la validez de determinado arresto y no con respecto a la validez de la determinación de Causa Probable de la comisión de un delito. ” (Enfasis nuestro.) Véase Anejo VII, a la pág. 35.
Ciertamente, como señala la parte recurrente, "los tribunales, cuando es necesario y de justicia hacerlo, hacemos caso omiso de los nombres o títulos mal puestos a los recursos y consideramos los mismos como corresponda". (Enfasis suplido.) Correa Negrón v. Pueblo, supra, a la pág. 293. Podemos colegir de lo anterior que es requisito, para proceder de acuerdo a lo prescrito por el Tribunal Supremo; a saber, sea necesario y de justicia. Si bien el título no hace la cosa, vamos a la súplica para entender lo que la parte nos solicita y a su contenido para poder conceder conforme a su mego.
Una lectura minuciosa de la extensa moción refleja que la motivación que tuvo la parte recurrente para presentarla fue la determinación de causa para acusar en la vista preliminar en alzada. Dicha vista la solicita el Ministerio Fiscal cuando en una vista preliminar (bajo Regla 23 de Procedimiento Criminal), el tribunal no encuentra causa para acusar por el delito imputado o se determina causa por un delito menor. Sabido es que el imputado al que se le encuentra causa para acusarlo en vista preliminar en alzada, tiene como remedio, para cuestionar dicha determinación, una moción al amparo de la Regla 64(p) de las Reglas de Procedimiento Criminal, supra. Con esto en mente es que la representación legal del hoy recurrente presenta ante el tribunal de instancia la moción al amparo de la Regla 64(p).
Al examinar la jurisprudencia allí citada nos parece que, si bien está dirigida a cuestionar evidencia obtenida de forma ilegal, también cita otra casuística relacionada a cuestionar el arresto y los motivos fundados para éste. No surge de la misma con claridad la razón de ser de ésta o lo que le solicitaba al tribunal de instancia, pues luego de las citas, la argumentación por parte del recurrente es parca y en ocasiones inexistente. Abona a lo anterior que incluso en la súplica de dicha moción no se desprende claramente qué solicita; en cambio, hace referencia a lo solicitado en la moción en que, ciertamente, sólo cuestiona la determinación de causa de la vista preliminar en alzada.
Es por esta razón que el Ministerio Fiscal, luego de entender que era una moción bajo la Regla 64(p) y argumentarla, ante la incongruencia de las citas y lo solicitado, lo reseña en su réplica. Por lo tanto, entendemos que dicha moción lo que hizo fue cuestionar la determinación de causa para acusar. Habiendo prueba suficiente *985 para justificar la presentación de la acusación, la cual surgía del testimonio del Agente Velázquez, entendemos no erró el tribunal al denegarla. No obstante, deseamos dejar claro que nada de lo expresado anteriormente impide a la parte recurrente presentar una Moción al Amparo de la Regla 234, conforme lo establece dicha Regla ante el tribunal a quo.
Por las razones esbozadas, se deniega el recurso solicitado.
Notifíquese vía facsímil y la vía ordinaria.
Así lo acordó y manda el Tribunal y lo certifica la señora Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001 DTA 74
1. Dicho artículo tipifica el comercio ilegal de vehículos y piezas. Surge del pliego acusatorio que el peticionario fue acusado por la posesión ilegal, voluntaria, maliciosa y criminal de un vehículo de motor el cual retuvo y/o dispuso, perteneciente al señor Jorge Ortiz, a sabiendas de que fue obtenido de forma ilícita, mediante apropiación ilegal sin el consentimiento del dueño.
2. Es ante este Tribunal que el peticionario, por vez primera, plantea que su Moción al Amparo de la Regla 64 (p) al foro de instancia iba dirigida a solicitar la supresión de la evidencia ilegalmente incautada.