EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIO SANTIAGO CEDEÑO, acusado y apelante.

*Número:* CR-76-142 *Resuelto:* 9 de enero de 1978

*Luis E. Gandía Argüelles*, abogado del apelante; *Héctor A. Colón Cruz, Procurador General*, y *Maggie Correa Avilés, Procuradora General Auxiliar*, abogados de El Pueblo.

PER CURIAM: El Ministerio Público formuló acusaciones contra Julio Santiago Cedeño por los delitos de asesinato en primer grado, Art. 201 del Código Penal de 1902, ed. de 1937, 33 L.P.R.A. sec. 633; ataque para cometer asesinato, Art. 218 del Código Penal de 1902, ed. de 1937, 33 L.P.R.A. sec. 732; y por violación al Art. 4 de la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 414. En juicio ante jurado se halló culpable al apelante de los delitos graves imputados y el Juez llegó a igual conclusión en lo que respecta a la Ley de Armas. Fue sentenciado el apelante a cumplir reclusión perpetua por el delito de asesinato, de dos a cinco años de presidido por el de ataque para cometer asesinato y seis meses por la infracción a la Ley de Armas.

El apelante funda su recurso en dos planteamientos. Alega que la modalidad imputada del delito de asesinato en primer grado no concuerda con la prueba y señala que él no es responsable por la muerte de su esposa, "toda vez que la misma se debió a otras causas . . . no relacionadas con las heridas que él le infirió."

1. *La alegación de incongruencia.*

La acusación pertinente exponía:

"El fiscal formula acusación contra Julio Santiago Cedeño, residente en [se especificaba aquí la dirección] por el delito de Asesinato en Primer Grado, felony [*sic*], cometido de la manera siguiente:

El referido acusado . . . allá en o para el 29 de noviembre de 1974 y en Hato Rey, P.R., que forma parte de la jurisdicción del Tribunal Superior de P.R., Sala de San Juan (Hato Rey), ilegal, voluntaria, maliciosa y criminalmente, son [*sic*] premeditación, deliberación y propósito decidido y firme de matar, demostrando tener un corazón pervertido y maligno, acometió y agredió al ser humano Haydee [*sic*] Mendoza Ubarri con un puñal, infiriéndole heridas de carácter grave que le ocasionaron la muerte."

El apelante sostiene que la prueba de cargo se encaminaba a establecer que él perpetró los actos que se le imputan por medio de acecho y que tal modalidad debió haber sido parte de la acusación. Estima el apelante que hubo por tal motivo incongruencia(¹) entre la prueba y las alegaciones, lo cual le impidió preparar adecuadamente su defensa.

Conforme a la prueba de cargo, doña María Ubarri, madre de Haydée, la interfecta, asistió con su hija el día de los hechos a una actividad en el Colegio San Antonio de Río Piedras. Regresaron cerca de las 11:15 de la noche. Mientras caminaban solas hacia su apartamiento encontraron al ape-

---

(¹)La Regla 38(d) de Procedimiento Criminal dispone, en parte:

". . . La incongruencia o desacuerdo entre las alegaciones y la prueba no será fundamento para la absolución del acusado; pero el Tribunal, siempre que el acusado no se opusiere, deberá posponer el juicio si es de opinión que los derechos sustanciales del acusado se han perjudicado, para celebrarlo ante otro jurado . . . ."

lante escondido detrás de una palma de coco. Este, esposo de Haydée, de quien vivía separado, la agarró por un brazo y, sin mediar palabra, la apuñaleó. La madre intentó defender a la hija y el apelante le lanzó varias puñaladas. En el lugar de los hechos la policía halló un cuchillo estilo puñal, bien amolado.

El acusado declaró por su parte que a eso de la media tarde del día de los hechos fue a Hato Rey a ver a su esposa. No había nadie en el condominio y entró a un bar cerca de allí a tomar cervezas. Como a las 11:20 p.m. vio a su esposa acercarse con su madre y un hombre. El reo salió del bar y llamó a Haydée. Esta y su madre le respondieron de mala manera; el hombre que las acompañaba desapareció; ellas siguieron insultándolo y entonces él, cegado por el coraje, las atacó con el cuchillo que utilizaba en su negocio en Río Piedras.

 Es claramente inmeritorio el primer señalamiento de error. La acusación radicada es suficiente en derecho. Una acusación no tiene que calificar el delito con arreglo al Código Penal, ni siquiera expresar si es grave o menos grave. *Pueblo* v. *Behn*, 13 D.P.R. 1, 6 (1907); *Pueblo* v. *Bermúdez*, 75 D.P.R. 760, 763–764 (1954). No es necesario bajo nuestra Regla 35(c) de Procedimiento Criminal y ordenamientos análogos especificar el grado del delito, *People* v. *Verdier*, 214 P.2d 433 (Cal. 1945); ni la totalidad de las circunstancias en que se cometió. *People* v. *Fowler*, 174 P. 892, 893 (Cal. 1918); *Howard* v. *Sheriff of Clark County*, 425 P.2d 596 (Nev. 1967). Lo fundamental es que la acusación consigne los elementos del delito imputado en forma que constituya debida notificación de la naturaleza y causa de los cargos. El Art. II, Sec. 11 de nuestra Constitución ordena que "el acusado disfrutará del derecho . . . a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma . . . ." El mandato constitucional se satisface al incluir en la acusación, según dispone la Regla 35(c) de Procedimiento Criminal,

"Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común . . . . Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley . . . ." Véanse: 1 Wright, *Federal Practice and Procedure*, sec. 123; *Turf Center, Inc.* v. *United States*, 325 F.2d 793 (9th Cir. 1963); *United States* v. *Markee*, 425 F.2d 1043 (9th Cir. 1970), *cert.* den. 400 U.S. 841.

Como señala la Regla 38(d) de Procedimiento Criminal el desacuerdo entre las alegaciones y la prueba puede provocar las consecuencias que la Regla expone tan solo si se perjudican los derechos sustanciales del acusado. Tal perjuicio no se produce por regla general a menos que la incongruencia sea de tal orden que impida u obstaculice de modo significativo la preparación de la defensa o exponga al acusado a la posibilidad de ser enjuiciado dos veces por el mismo delito. *People* v. *Braddock*, 264 P.2d 521 (Cal. 1954), *cert.* den. 348 U.S. 837. En el caso de autos no existe incongruencia de género alguno entre la acusación y la prueba. El hecho de que ésta estableciese que el acusado estaba acechando a la víctima no implica que no se cometiese el delito con la malicia premeditada y la deliberación que configuran el asesinato en primer grado. En adición, la acusación no imputó ni tenía que imputar modalidad alguna del delito de asesinato en primer grado. La prueba demostró que el acto imputado se cometió por una modalidad de las que tipifican el referido delito conforme el Art. 201 del antiguo Código Penal, 33 L.P.R.A. sec. 633. Aun considerando que hubiese la incongruencia señalada no se ha demostrado la existencia del necesario perjuicio al apelante.

2. *La alegación de ausencia de causalidad.*

Este segundo planteamiento es igualmente inmeritorio. Haydée recibió siete puñaladas en el tórax y el vientre.

Hubo que practicarle una traqueotomía. Se produjo una complicación de fístula traqueoesofágica. El patólogo que practicó la autopsia halló que las luces de los bronquios estaban totalmente ocluidas por la sangre procedente de la fístula. Concluyó el patólogo que la causa de la muerte fue una complicación tardía de heridas punzantes en el vientre y el tórax. A la luz de estos hechos, la causa inmediata de la muerte fue la aspiración de sangre provocada por la fístula, pero la causa mediata, la que desató la cadena de hechos que llevó a la muerte de Haydée, fueron las puñaladas recibidas. La complicación sufrida en este caso tras la traqueotomía practicada no constituye un suceso lo suficientemente extraño a la conducta delictiva que permita definirlo como causa interviniente. Véanse: *Pueblo* v. *González Ruiz,* 90 D.P.R. 580, 583–585 (1964); *Betancourt Rojas* v. *Tribunal Superior,* 90 D.P.R. 747, 758 (1964); *Pueblo* v. *Márquez,* 49 D.P.R. 890 (1936); 1 Wharton, *Criminal Law,* 1957, secs. 197, 201. Respecto a los diversos criterios desarrollados en torno a la teoría de la causalidad, véanse: Silving, Helen, *Criminal Justice,* vol. 1, 1971, pág. 347 y ss.; Silving, Helen, *Elementos Constitutivos del Delito,* 1976, pág. 96 y ss.; Ryu, *Causation in Criminal Law,* 106 U. Pa. L. Rev., 773, págs. 797–98 (1958).

*En virtud de lo expuesto se confirman las sentencias dictadas.*

El Juez Asociado Señor Rigau no participó.