EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ LUIS GONZÁLEZ OLIVENCIA, FRANKIE FIGUEROA FELICIANO, acusados y peticionarios.

*Número:* O-85-344 *Resuelto:* 30 de octubre de 1985

*Rigoberto Martínez Cruz*, abogado de los peticionarios; *Héctor Rivera Cruz, Secretario de Justicia, Ricardo E. Alegría Pons, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: Los peticionarios José Luis González Olivencia y Frankie Figueroa Feliciano fueron acusados por infracciones a los Arts. 173 y 237 del Código Penal, 33 L.P.R.A. secs. 4279 y 4433. Se les imputó que el día 1ro de diciembre de 1983 por medio de la violencia e intimidación se apropiaron de un reloj que se encontraba en posesión del perjudicado, Andrés Bado Bayrón, y que para ello usaron disfraces.

Llamado el caso a juicio, el abogado de los peticionarios y el Ministerio Fiscal entraron en conversaciones en pos de una posible transacción. Como resultado de la misma, el Ministerio Fiscal solicitó y obtuvo permiso para enmendar la acusación para imputarle a los peticionarios el delito de robo en grado de tentativa. Hecho esto y héchales las advertencias de

rigor, los peticionarios hicieron alegación de culpabilidad por el delito imputado en la nueva acusación.

Llegado el momento de dictar sentencia, (¹) el tribunal les impuso una sentencia de quince años de reclusión por el delito imputado al percatarse por el informe presentencia del oficial probatorio que el delito se había cometido en el hogar de la víctima. La defensa solicitó reconsideración en corte abierta, al aducir que la sentencia era contraria a derecho, ya que la pena media de la tentativa de robo era de seis años. La misma quedó pendiente, pero posteriormente fue declarada sin lugar mediante resolución del tribunal de instancia del 16 de mayo de 1985.

Recurren ante nos los peticionarios y alegan la comisión de dos errores. Éstos son: 1) que erró el tribunal de instancia al condenar a los peticionarios a quince años de reclusión, y 2) que erró al ordenar el ingreso del copeticionario González Olivencia en los Hogares Crea a pesar de haberle otorgado los beneficios de sentencia suspendida. El día 20 de junio de 1985, emitimos una orden para mostrar causa en los siguientes términos:

> El Procurador General tendrá hasta el 1ro. de julio de 1985 para mostrar causa por la cual no debamos expedir el auto solicitado y modificar la sentencia del Tribunal Superior, Sala de Mayag[ü]ez, para rebajar la pena de quince (15) años de reclusión a una de seis (6) años, por haber el tribunal incidido al actuar bajo el segundo párrafo del Art. 173 del Código Penal, según enmendado, 33 L.P.R.A. 4279, en un caso en que el peticionario fue acusado por la modalidad contenida en el primer párrafo de dicha disposición.
>
> Siendo este un caso de tentativa, en que no hubo prueba de circunstancias agravantes, la pena correcta sería de seis (6) años. Art. 27 del Código Penal, 33 L.P.R.A. 3122.

El Procurador General se allana a que se modifique la sentencia según lo intimado en dicha orden.

---

(¹) En dicho momento las partes no presentaron prueba de atenuantes o agravantes por ello constituir parte de lo acordado en la negociación.

El Art. 173 del Código Penal reza como sigue:

Toda persona que se apropiare ilegalmente de bienes muebles pertenecientes a otra, ya sustrayéndolos de su persona, o de la persona en cuya posesión se encuentren, ya en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación, será sancionada con pena de reclusión por un término fijo de doce (12) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de ocho (8) años.

Cuando el delito de robo se cometiere en el hogar de la víctima o en alguna casa o edificio residencial donde estuviere la víctima la pena de reclusión será por un término fijo de treinta (30) años. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de cincuenta (50) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de veinte (20) años.

■ Al aprobarse el Código Penal en 1974 no estaba incluida la modalidad de cometerse el delito de robo en el hogar de la víctima o alguna casa o edificio residencial donde estuviera la víctima. Ésta fue añadida por la Ley Núm. 5 de 26 de marzo de 1980, pero rápidamente, tal vez por inadvertencia, fue eliminada por la Ley Núm. 101 de 4 de junio de 1980. Fue restablecida mediante la Ley Núm. 99 de 4 de junio de 1983. De manera que habiendo ocurrido los hechos delictivos el 1ro de diciembre de 1983, el fiscal pudo haber acusado por dicha modalidad. Optó por no hacerlo.

■ La denuncia que dio lugar a la acusación no imputaba dicho elemento, como tampoco lo hacía la acusación original ni la acusación enmendada. Sabido es que la acusación, para imputar la comisión de un delito específico, debe incluir una exposición de todos los hechos constitutivos del mismo. Regla 35 (c) de Procedimiento Criminal. Ello es así porque la cláusula constitucional del debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y ex-

618

tensión del delito imputádole. *Pueblo* v. *Calviño Ceveijo*, 110 D.P.R. 691, 693 (1981); *Pueblo* v. *Santiago Cedeño*, 106 D.P.R. 663, 666 (1978).

 Siendo ello así, la sentencia dictada en el presente caso no puede prevalecer. Por ser un delito en grado de tentativa, la pena del mismo siempre "aparejará una pena fija igual a la mitad de la pena señalada para el delito consumado", Art. 27 del Código Penal, 33 L.P.R.A. sec. 3122. La pena media en el presente caso serían seis (6) años de reclusión. Por no haber desfilado, como hemos señalado, prueba de agravantes ni atenuantes, no es de aplicación el segundo párrafo del Art. 27. El tribunal no podía considerar como prueba en contra de los acusados la información del oficial probatorio.

 En cuanto al segundo error señalado, el mismo no fue cometido. El beneficio de una sentencia suspendida es un privilegio y no un derecho. Por lo que el tribunal goza de discreción para conceder la suspensión de los efectos de una sentencia. *Pueblo* v. *Millán Meléndez*, 110 D.P.R. 171 (1980); *Vázquez* v. *Caraballo*, 114 D.P.R. 272 (1983). El tribunal también tiene la facultad de prescribir las condiciones para la suspensión de una sentencia. *Vázquez* v. *Caraballo*, supra.

Por los fundamentos expresados, *se expedirá el auto y se modificarán las sentencias dictadas para reducir la pena a seis (6) años, y así modificadas, se confirmarán.*