# 95 DTA 128

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI, CAGUAS
HUMACAO Y GUAYAMA
PANEL I**

EL PUEBLO DE PUERTO RICO
Apelado

v.

GERVACIA RIVERA ALVARADO
Apelante

Núm. KLAN-95-00009

San Juan, Puerto Rico, a 19 de junio de 1995

Primer Panel integrado por su presidente, Juez González Román
y los Jueces Ortiz Carrión y Segarra Olivero

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Gervacia Rivera Alvarado apela de un fallo condenatorio y una sentencia del Tribunal de Distrito en la cual se le impone una multa por $100.00 por violación al Artículo 118 del Código Penal de Puerto Rico. En la apelación se plantea que la denuncia presentada en su contra no imputa delito y que la prueba presentada durante el juicio no sostiene la comisión de todos los elementos del delito de difamación por el cual se le denunció.

El Procurador General solicitó la desestimación planteando que durante el trámite procesal ante el Tribunal Superior, la apelante no cumplió con las **Reglas de Apelación del Tribunal de Distrito al Tribunal Superior.**

El Procurador no tiene razón. Estas Reglas aunque requieren un estricto cumplimiento, no son de carácter jurisdiccional. En este caso la apelante cumplió sustancialmente con el trámite procesal. La apelante presentó una relación de los procedimientos en cumplimiento con la extensión del plazo que le autorizo el Tribunal Superior; quien nunca compareció a someter su parecer sobre tal relación fue el ministerio público. La relación de los procedimientos fue aprobada por el Tribunal de Distrito mediante orden de 29 de agosto de 1994, y la apelante presentó su alegato el 13 de septiembre de 1994 en cumplimiento con el plazo establecido en las referidas Reglas. La dilación en el trámite del caso ante el Tribunal Superior se debió a que los autos originales fueron erróneamente devueltos al Tribunal de Distrito por la Secretaría de la Unidad de Apelaciones. Procede atender la apelación en sus méritos.

## I

De la relación de los procedimientos y de los autos del caso surge que el 30 de diciembre de 1992 se presentó la siguiente denuncia:

*"La referida acusada, Gervacia Rivera Alvarado, allá en o para el día 9 de noviembre de 1992, en Caguas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Distrito de Puerto Rico, Sala de Caguas, ilegal, voluntaria, maliciosa y criminalmente difamó a Sandra Pérez Delgado, indicándole: "Tú eres una fabricadora de casos" por lo que ésta se sintió ofendida".*

El 21 de octubre de 1993, se celebró el juicio contra la apelante. Prestaron testimonio la Sra. Sandra Pérez por el ministerio público y la apelante por la defensa.

La Sra. Pérez testificó que el 9 de noviembre de 1992 la apelante acudió a donde su supervisor, el Sr, Gabriel Hernández, para quejarse de que la Sra. Pérez le adeudaba un canon de arrendamiento. Como consecuencia hubo una discusión, tras la cual la apelante abandonó el lugar comunicándole a la Sra. Pérez que *"ahora no le fuera a fabricar un caso."*

A preguntas de la defensa, la Sra. Pérez atestó que antes de ese incidente ella había presentado una querella contra el hijo de la apelante, la cual después retiró.

Por su parte, la apelante testificó que ese día fue a quejarse porque la Sra. Pérez le adeudaba la renta. Al desatarse una discusión abandonó el lugar y le pidió a la Sra. Pérez que no le fuera a fabricar un caso.

Basándose en esta prueba, el Tribunal de Distrito, Sala de Caguas declaró a la apelante culpable del delito de difamación.

## II

El Artículo 118 del Código Penal, 33 L.P.R.A. sec. 4101, tipifica el delito de difamación de la siguiente manera:

*"Toda persona que maliciosamente, a través de cualquier medio, públicamente deshonrare, o desacreditare, o imputare la comisión de hecho constitutivo de delito o impugnare la honradez, integridad, virtud o buena fama de cualquier persona natural o jurídica, o denigrare la memoria de un difunto, será sancionada con pena de reclusión que no excederá de seis meses, pena de multa que no excederá de quinientos (500) dólares, pena de restitución, o cualquier combinación de éstas a discreción del tribunal."*

Para que una persona pueda ser convicta por la comisión de un delito es necesario que la conducta imputada en la denuncia o la acusación incluya todos los elementos constitutivos del delito por el cual se le denuncia, Artículo 8 del **Código Penal,** 33 L.P.R.A. sec. 3031. A tenor con este requisito, la Regla (c) de las de **Procedimiento Criminal**, 34 L.P.R.A. R. 35, dispone que la denuncia debe contener: *"Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común."*

En el caso de *Pueblo v. González Olivencia,* 116 D.P.R. 614 (1985) el Tribunal Supremo de Puerto Rico le reconoció categoría constitucional a este requisito al señalar lo siguiente:

*"Sabido es que la acusación, para imputar la comisión de un delito específico , debe incluir una exposición de todos los hechos constitutivos del mismo. Regla (c) de Procedimiento Criminal. Ello es así porque la cláusula del debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito imputádole. Pueblo v. Calviño, 110 D. P.R. 663, 693; Pueblo v. Santiago Cedeño, 106 D.P.R. 663, 666 (1978)."*

Según la tipificación del Artículo 118 del **Código Penal,** para que una persona incurra en el delito de difamación, es necesario que haga manifestaciones difamatorias en público. De la relación de los procedimientos en este caso, surge que la discusión que motivó la presentación de la denuncia y que culminó en la convicción de la Sra. Rivera Alvarado ocurrió frente al Sr. Hernández. Sin embargo, en la referida denuncia no se imputó que las expresiones hechas por la Sra. Rivera Alvarado en torno a la Sra. Pérez se hicieran públicamente.

La insuficiencia de la denuncia o acusación es una defensa que el imputado puede levantar en cualquier momento durante los procedimientos, Regla de las de **Procedimiento Criminal,** 34 L.P.R.A. Ap. II. En el caso de autos, en la denuncia, no se incluyó el elemento de publicidad. El Artículo 8 del **Código Penal** y el debido procedimiento de ley requieren que la acusación o denuncia contenga todos los elementos del delito imputado. En los procedimientos criminales la prueba presentada durante el juicio no puede subsanar ese defecto en la denuncia. *Pueblo v. De Jesús Rosado,* 100 D P.R 536 (1972).

Por otra parte, de la relación de los procedimientos surge que lo que la Sra. Rivera Alvarado le manifestó a la Sra. Pérez fue *"que ahora no le fuera a fabricar un caso".* Esa expresión no constituye una difamación bajo ninguna teoría de derecho. Realmente nos sorprende que el ministerio público presentara denuncia en este caso, y más aún, que el Tribunal decretara un fallo condenatorio contra la Sra. Rivera. **La Constitución del Estado Libre Asociado de Puerto Rico** garantiza la libertad de palabra y ninguna persona debe ser sometida a un procedimiento criminal por difamación a menos que exista prueba sobre la comisión de todos los elementos de ese delito. Los procedimientos criminales no deben ser vehículo para dilucidar discusiones entre los ciudadanos y los tribunales no deben permitirlo.

Por los fundamentos expresados anteriormente se revoca la sentencia dictada por el Tribunal de Distrito, Sala de Caguas y se absuelve a la apelante Gervacia Rivera Alvarado.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General