Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>    Recurrido<br><br>vs.<br><br>Manuel A. Canales Jusino<br><br>    Peticionario | TA2025AP00223 | **APELACIÓN acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D LE2025G0225<br><br>Sobre:<br>Art. 5.07 Ley 22 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece el señor Manuel A. Canales Jusino (en lo sucesivo, Sr. Canales Jusino o peticionario) y nos solicita la revocación de tres Resoluciones emitidas el 17 de julio de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, foro primario o TPI). En los referidos dictámenes, el TPI declaró sin lugar tres mociones de desestimación presentadas al amparo de la Regla 64 de Procedimiento Criminal, *infra.*

Tras examinar la naturaleza y procedencia del caso de autos, el recurso de apelación presentado ante nuestra consideración será acogido como una petición de *Certiorari* por tratarse de un asunto interlocutorio, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, expedimos el auto de *Certiorari* con el fin de confirmar las Resoluciones recurridas, por los fundamentos que expondremos a continuación.

---

[1] Notificadas el 21 de julio de 2025.

**I.**

Por hechos ocurridos el 21 abril de 2024, el Ministerio Público presentó una Denuncia contra el Sr. Canales Jusino, imputándole una infracción al Art. 5.07(c) de la Ley de Vehículos y Tránsito de Puerto Rico, *infra.* En específico, se le atribuyó ocasionarle la muerte a una persona mientras conducía un vehículo de motor de forma negligente.

Determinada la causa probable para arresto al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R.6, y fijada la fianza por la cantidad de $100,000.00, se celebró una vista preliminar el 12 de mayo de 2025, según provee la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R.23. En la referida audiencia se encontró causa probable para encausar por el delito grave tipificado en el inciso (c) del Art. 5.07 de la Ley de Vehículos y Tránsito de Puerto Rico, *infra.* En consecuencia, el Ministerio Público presentó la debida acusación, cuyo acto de lectura fue el 20 de mayo de 2025.

Según se desprende del pliego acusatorio, se le acusó al Sr. Canales Jusino de conducir un vehículo de motor por una vía pública de manera negligente y con claro menosprecio a la seguridad, ocasionándole la muerte al señor Rolando Miranda Alejandro. Añadió el texto del pliego que el peticionario "conducía por el carril izquierdo de este a oeste, ... no guardando distancia, impactando con su parte frontal a la parte posterior del neumático" de la bicicleta de la víctima.

Superados varios incidentes procesales relacionados a la fianza, el 16 de junio de 2025, el peticionario presentó tres solicitudes de desestimación, a saber: (1) Escrito en Solicitud de Desestimación Regla 64 de Procedimiento Criminal; (2) Moción de Desestimación al Amparo de la Regla 64(i) de las de Procedimiento

Criminal Vigente; y (3) Moción de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal Vigente.

En su primera moción, el peticionario solicitó la desestimación de la acusación al amparo del inciso (a) de la Regla 64 de Procedimiento Criminal, *infra.* Lo anterior, por entender que el pliego presentado no imputa delito, ello, ya que hace mención de negligencia, mas no alega los hechos constitutivos de esta. Añadió que, la acusación incumple con los requisitos esbozados en la Regla 35 de Procedimiento Criminal, *infra,* puesto que es confusa, mal redactada, con muchos datos irrelevantes y sin establecer en qué consiste la negligencia imputada. El Sr. Canales Jusino culminó su petitorio exponiendo que, el Ministerio Público incluyó en la acusación que este no guardaba distancia mientras conducía, aunque dicha frase no obra de la denuncia ni del testimonio vertido en la vista preliminar.

Por otra parte, el peticionario fundamentó su segunda moción de desestimación en el inciso (i) de la Regla 64 de Procedimiento Criminal, *infra,* la cual permite desestimar una acusación cuando el fiscal carece de autoridad para presentarla. Arguyó que, el Ministerio Público no estaba autorizado a presentar la acusación, dado que la frase sobre la distancia del peticionario con relación a la víctima constituye una enmienda a la denuncia no autorizada por el foro primario.

Finalmente, en su tercera solicitud de desestimación, el Sr. Canales Jusino argumenta de manera generalizada que, en el caso de epígrafe no hubo evidencia legalmente admisible en cuanto a alguno de los elementos del delito o de la conexión del acusado con el delito imputado.

En cambio, el Ministerio Público presentó el 9 de julio de 2025 su Moción en Oposición a Desestimación al amparo de la Regla 64 (P) y 64 (A) de Procedimiento Criminal. En síntesis,

esgrimió que las mociones se deben tener por no puestas, ya que en la vista preliminar se probaron todos los elementos del delito, incluyendo la negligencia, y su conexión con el imputado.

Atendidas las mociones ante su consideración, el TPI emitió tres determinaciones el 17 de julio de 2025.[2]  El primero de los dictámenes recurridos fue una Resolución, mediante la cual el foro primario desestimó de plano el Escrito en Solicitud de Desestimación Regla 64(A) de Procedimiento Criminal.  Lo anterior, ya que se encontraba ante nuestra consideración un recurso de *Certiorari* impugnando la denegatoria de otra moción de desestimación al amparo del mismo inciso, presentada el 25 de marzo de 2025, es decir, después de la vista al amparo de la Regla 6, pero antes de la celebración de la vista preliminar.[3]

El segundo de los dictámenes fue igualmente una Resolución.  Esa vez, el TPI declaró sin lugar la Moción de Desestimación al Amparo de la Regla 64(i) de las de Procedimiento Criminal.  Indicó el foro primario que, escuchada la grabación de la vista preliminar y del acto de lectura de acusación, entendió que el peticionario quedó debidamente informado del delito por el cual se le acusa.

Por último, la tercera Resolución recurrida de igual manera declaró sin lugar la Moción de Desestimación al Amparo de la Regla 64(P) de las de Procedimiento Criminal Vigente.  Razonó el TPI que el Ministerio Público estableció los elementos constitutivos de delito y la conexión de estos con el Sr. Canales Jusino.  A tenor, el foro primario precisó que era improcedente la desestimación, pues dicho remedio solo corresponde cuando se trata de una ausencia total de prueba sobre un elemento del delito o sobre su conexión al imputado.

---

[2] Todas notificadas el 21 de julio de 2025.

[3] Recurso identificado con el alfanumérico KLCE202500501.  Esta Curia emitió y notificó una Resolución el 18 de julio de 2025, donde un panel hermano denegó la expedición del auto de *certiorari* solicitado.

Inconforme con las determinaciones del TPI, el peticionario recurre ante este foro intermedio y señala la comisión de los siguientes errores:

1. *Erró el TPI en no considerar los argumentos de las tres mociones de desestimación.*
2. *Erró el TPI en no desestimar por no imputar delito a tenor con la Regla 64(A) de las de Procedimiento Criminal.*
3. *Erró el TPI en no desestimar por no imputar delito a tenor con la Regla 64(P) de las de Procedimiento Criminal.*
4. *Erró el TPI en no desestimar al amparo de la Regla 64(I) de las de Procedimiento Criminal Vigente, ya que la fiscal, sin autorización judicial y ni evidencia que se presentara en vista preliminar, tomó la decisión de añadir la frase, no guardando distancia.*

Mediante Resolución emitida el 19 de agosto de 2025, otorgamos un término al Procurador General de Puerto Rico (en lo sucesivo, PG o recurrido), a vencer el 28 de agosto de 2025, para la presentación de su escrito en oposición. Luego de prorrogado el término a petición del PG, este compareció mediante su alegato en oposición el 4 de septiembre de 2025. Por tanto, procedemos a resolver con el beneficio de ambas comparecencias.

**II**

**A.**

En nuestro esquema judicial, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica distintiva de este vehículo procesal se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012). Ello, pues, a diferencia del recurso de apelación, el tribunal revisor puede

expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009).

En aras de orientar la discreción judicial, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita las circunstancias para considerar la expedición del *Certiorari,* a saber:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

La Regla 34 de Procedimiento Criminal define la acusación como "una alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la comisión de un delito". 34 LPRA Ap. II, R. 34. Añade que es "**[l]a primera alegación de parte de El Pueblo en un proceso iniciado en el Tribunal de Primera Instancia será la acusación**". *Id.*

Se trata de una exigencia constitucional de que el contenido de la acusación sea tal que el acusado sepa que es lo que se le imputa, de manera que pueda defenderse. Emda. VI, Const. EE. UU., LPRA, Tomo 1; Art. II, Sec. 11 Const. ELA, LPRA, Tomo 1;

*Pueblo v. Vélez Rodríguez,* 186 DPR 621, 628 (2012) citando a *Russell v. US,* 369 US 749 (1962).

En cumplimiento de dicha protección constitucional, la Regla 35 de Procedimiento Criminal, 34 LPRA Ap. II, R. 35, estatuye los requisitos del contenido de una acusación. Expone el inciso (c) del citado articulado que la acusación deberá contener **"una exposición de los hechos esenciales constitutivos del delito**, **redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común"**. *Id.* (énfasis suplido).

Ahora bien, bajo la Regla 35(c), *Id.,* **"[n]o es necesario ... especificar** el grado del delito, ni **la totalidad de las circunstancias en que se cometió**. **Lo fundamental es que la acusación consigne los elementos del delito imputado en forma que constituya debida notificación de la naturaleza y causa de los cargos"**. *Pueblo v. Santiago Cedeño,* 106 DPR 663, 666 (1978) (citas omitidas) (énfasis suplido).

Nuestra Alta Curia nos ha instruido que **"[a]l analizar la suficiencia de las acusaciones éstas deben interpretarse con liberalidad, pues ellas 'deben informar a los acusados de qué se les acusa, pero no es para ello necesario seguir ningún lenguaje estereotipado o técnico o talismánico'"**. *Pueblo v. Villafañe,* 139 DPR 134, 150 (1995) citando a *Pueblo v. Calviño Cereijo,* 110 DPR 691, 694 (1981) (énfasis suplido). **"Puede afirmarse, en fin, que la suficiencia de una acusación se evalúa en forma liberal en cuanto al lenguaje utilizado en la imputación del delito, aunque en forma rigurosa en cuanto a la necesidad de imputar todos los elementos del mismo"**. *Pueblo v. Villafañe, supra,* citando a E.L. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Colombia, Ed. Forum, Vol. III, 1993, pág. 149 (énfasis suplido).

Así pues, lo esencial del contenido de la acusación es la inclusión de todos los elementos del delito imputado, incluyendo todos los elementos objetivos y subjetivos del tipo. E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, *supra*, pág. 148, citando a *Pueblo v. Diaz Breijo*, 97 DPR 64 (1969).

Sobre este particular, el Tribunal Supremo de Puerto Rico ha esclarecido que "el tipo objetivo del delito se refiere a la acción u omisión que realiza una persona y que se encuentra codificada en algunos de los delitos prescritos en la parte especial del Código Penal de Puerto Rico o en otras leyes penales especiales". *Pueblo v. Rivera Cuevas*, 181 DPR 699, 709 (2011). En cambio, el tipo subjetivo del delito se define en el Art. 22 del Código Penal de Puerto Rico, 33 LPRA sec. 5035. Estos elementos, referentes al estado mental del sujeto activo del delito, son: a propósito, con conocimiento, temeraria y negligentemente. *Id.*

## C.

La Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, dispone los fundamentos para solicitar la desestimación de una acusación. En lo concerniente, la precitada regla provee lo siguiente:

> *La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:*
>
> *(a) Que la acusación o denuncia no imputa un delito*
> *…*
> *(i) Que el fiscal carecía de autoridad para presentar la acusación*
> *…*
> *(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. Id.*

Una moción de desestimación al amparo del susodicho inciso (a), cuyo fundamento también se conoce como insuficiencia de pliego acusatorio, "**debe ser declarada con lugar solo cuando**

**consideradas como ciertas o verdaderas las alegaciones contenidas en el pliego acusatorio, tales alegaciones no imputan delito alguno bajo las leyes penales de Puerto Rico**". E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, *supra,* págs. 143-144 (Énfasis suplido). Lo anterior, pues el fundamento del inciso (a) está reservado para desestimaciones ancladas en argumentos vinculados a las exigencias del principio de legalidad, entiéndase la prohibición de encausamientos por hechos no expresamente definidos en ley, así como exigencias de debido proceso de ley que impiden la vaguedad tanto en la definición del delito como en su acusación. *Id.* a la pág. 143. Por el contrario, "si los hechos imputados son constitutivos de algún delito al amparo de las leyes penales de Puerto Rico, la acusación será suficiente ... pues [l]o importante es que el pliego acusatorio provea la información necesaria para que el acusado pueda preparar su defensa adecuadamente". *Pueblo v. Ayala García,* 186 DPR 196, 206 (2012).

Por otro lugar, nuestro Tribunal Supremo tuvo la oportunidad de expresarse en el caso *Pueblo v. Torres, Esparra,* 132 DPR 77 (1992), acerca del inciso (i) sobre la carencia de autoridad del fiscal para presentar una acusación. En esa ocasión, la defensa presentó una moción de desestimación al amparo de la Regla 64 (i) de Procedimiento Criminal, *supra,* en la cual argumentó que el fiscal no tenía autoridad para presentar una acusación por una infracción al Art. 15 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987, cuando en la denuncia se le imputó la comisión del Art. 19 del citado estatuto.

**Nuestra Alta Curia razonó que el "fundamento aducido por la defensa ... no es jurídicamente correcto**". *Pueblo v. Torres, Esparra, supra,* a la pág. 86. Lo anterior, **puesto que "la**

**autoridad a que se refiere este inciso (i) es la inherente al cargo de fiscal según expresado y definido en ley".** *Id.,* citando a Nevárez Muñiz, Dora, <u>Sumario de Derecho Procesal Penal Puertorriqueño</u>, Tercera Edición Revisada, pág. 107 (énfasis suplido). Por lo anterior, el Máximo Foro concluyó que "el vehículo procesal que puede ser utilizado … para atender la anomalía de la situación … lo es el inciso (p) de la citada Regla 64 de Procedimiento Criminal. *Pueblo v. Torres, Esparra, supra,* a la pág. 87.

Ahora bien, con respecto al inciso (p), la interpretación jurisprudencial nos ha ilustrado que una petición desestimatoria a tenor con el inciso prosperará en dos escenarios: (1) cuando se infringió alguno de los derechos o requisitos procesales de la vista preliminar, o (2) **cuando se determinó causa probable para acusar, pese a la ausencia total de prueba sobre alguno de los elementos del delito imputado**. *Pueblo v. Pérez Delgado,* 211 DPR 654, 666 (2023). Por lo anterior, "**es indispensable que el acusado persuada y demuestre al tribunal que hubo ausencia total de prueba legalmente admisible** …. **De no cumplirse con este requisito, no procederá la desestimación de la acusación**". *Id.* (énfasis suplido). Ambos fundamentos requieren una demostración clara del error que se imputa al juez, pues toda determinación de causa probable para acusar goza de una presunción de corrección. *Pueblo v. Fernández Rodríguez,* 183 DPR 770 (2011); *Pueblo v. Rivera Vázquez,* 177 DPR 868, 878 (2010).

Al evaluar un petitorio al amparo del segundo escenario, entiéndase una ausencia total de los elementos del delito, nuestra Alta Curia ha precisado que la tarea del Tribunal:

> *[E]stará limitada a examinar la prueba presentada durante la vista en que se determinó causa probable para acusar. **Evaluada exclusivamente tal prueba, el magistrado debe determinar si hubo ausencia total de prueba sobre la comisión del delito; ya***

*sea porque no se presentó alguna evidencia sobre un elemento del delito imputado o porque no se presentó alguna evidencia sobre la conexión del acusado con el delito. Solamente ante una situación de ausencia total de prueba es que procede sustituir el criterio del magistrado que inicialmente halló causa para acusar*. *Pueblo v. Nieves Cabán, 201 DPR 853, 867 (2019); Pueblo v. Negrón Nazario, 191 DPR 720, 736 (2014).* (énfasis suplido).

## D.

Nuestra Asamblea Legislativa promulgó la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22 de 7 de enero de 2000, en aras de promover y velar por la seguridad pública, identificada por la legislatura como una de las obligaciones más importantes del estado moderno. Exposición de Motivos, Ley Núm. 22 de 7 de enero de 2000.

Como parte de dicho propósito, la pieza legislativa tipifica como conducta constitutiva de delito el causarle la muerte a una persona mientras se conduce un vehículo. En específico, el Art. 5.07 penaliza varias conductas que resulten en la muerte de un individuo, aunque variando los elementos subjetivos, dado que se tipifica el causarle la muerte a alguien de manera temeraria, así como de forma negligente o imprudente. 9 LPRA sec. 5127. En lo atinente al caso que nos ocupa, el inciso (c) del susodicho artículo establece que:

> *(c) En aquellos casos en que la persona que condujere un vehículo **de forma imprudente o negligentemente** le ocasione la muerte a otra persona, incurrirá en delito grave con una pena de tres (3) años de reclusión. (énfasis suplido). Id.*

Analizado lo anterior en conjunto con el derecho sobre el contenido de las acusaciones, se desprende del texto del artículo que el elemento objetivo del delito es **ocasionarle la muerte a una persona mientras se conduce un vehículo**, mientras que el elemento subjetivo, entiéndase el estado mental del autor, es que dicha acción se perpetre de manera **imprudente o negligente**.

**E.**

Por último, cuando una parte peticionaria señala, mediante un recurso de *Certiorari* criminal, algún error relacionado con la apreciación de la prueba o con la suficiencia de ésta, deberá cumplir con lo dispuesto en la Regla 29 del Reglamento del Tribunal de Apelaciones. *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 47-48, 215 DPR __ (2025). La referida reglamentación dispone lo siguiente:

> *(A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de certiorari es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, deberá reproducir dicha prueba de conformidad con lo dispuesto en la Regla 76 de este Reglamento.*
>
> *(B) La parte apelante o peticionaria deberá, en el término de diez días de la presentación de la Apelación, acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos. Id.*

La aludida Regla 76 de nuestro reglamento provee varios mecanismos para lograr la reproducción de la prueba oral. *In re Aprob. Enmdas. Reglamento TA, supra,* págs. 103-106. Entre los métodos aceptados se encuentra la regrabación, la transcripción y la exposición narrativa estipulada. *Id.*

Dicho lo anterior, cuando una parte que solicita un análisis de apreciación de prueba falla en emplear algunos de los citados mecanismos para proveernos la prueba que desea que evaluemos, penosamente priva a este Tribunal de su función revisora. *Pueblo v. Pérez Delgado, supra,* a las págs. 671-674, 684-685. Ello, dado que "**es tarea del peticionario presentar al foro revisor la prueba oral bajo la que se pretende impugnar las determinaciones del tribunal *a quo***". *Id.* a la pág. 672.

**III.**

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* nos encontramos en posición de expedir el auto de *Certiorari* solicitado. Ante la discreción que poseemos para atender el asunto, procedemos a resolver la presente controversia.

En síntesis, el peticionario arguye que, aunque no se desfiló prueba en la vista al amparo de la Regla 6, ni en la vista preliminar de que este no guardó espacio entre su vehículo y la víctima, dicho lenguaje fue indebidamente incluido en la acusación. Señala, además, que tanto la denuncia como la acusación están huérfanas de hechos constitutivos de negligencia. De igual manera, agrega que tampoco se presentaron hechos constitutivos de negligencia en los testimonios vertidos en ambas vistas. Por todo lo anterior, considera que lo procedente en derecho es la desestimación del cargo en su contra. Adelantamos que no le asiste la razón.

Por su parte, el Procurador General sostiene que el peticionario se equivoca en argumentar que la acusación no imputa delito, dado que de su texto surgen claramente los hechos que dan base a la negligencia.[4] Añade, que el peticionario tenía pleno conocimiento de la conducta imputada y de la naturaleza del cargo para preparar una defensa adecuada. A su vez, precisa que el Ministerio Público claramente contaba con la debida autorización para presentar la acusación ya que el foro primario encontró causa probable para acusar por una infracción al Art. 5.07(c), *supra.* Culminó su escrito puntualizando que el peticionario no colocó esta curia en posición de examinar si hubo ausencia de prueba, sea esta una ausencia total o del elemento de distancia, debido a que no sometió algún método de reproducción de prueba oral.

---

[4] Notó que la acusación indica que el Sr. Canales Jusino no guardó distancia, e impactó con su parte frontal a la parte posterio[r] del neumático de la bicicleta de la víctima, descripción que evidentemente demuestra negligencia.

Primeramente, nos parece meritorio abundar sobre los mecanismos utilizados por el peticionario para solicitar la desestimación de la acusación. Según se desprende del tracto procesal, el Sr. Canales Jusino presentó tres mociones de desestimación al amparo de la Regla 64 de Procedimiento Criminal, *supra,* específicamente fundamentadas en los incisos (a), (i), y (p). Empero, adelantamos que el inciso adecuado para solicitar la desestimación, a la luz de los argumentos presentados por el peticionario, lo es el inciso (p). Veamos.

Para iniciar nuestro análisis, debemos tener presente que el argumento medular del peticionario es que el Ministerio Público no presentó prueba sobre hechos constitutivos de negligencia, y que, a pesar de ello, se incluyó lenguaje indicativo de dicho elemento subjetivo en la acusación, expresión que no obraba en la denuncia.

Ahora, comencemos explicando la inaplicabilidad de los incisos (a) e (i) de la Regla 64, *supra.* Recordemos que el inciso (a) se utiliza cuando la denuncia o acusación no imputa delito. Dicho escenario ocurre —de acuerdo con lo examinado en el acápite previamente discutido— cuando una acusación violente el principio de legalidad.[5] Es decir, cuando se presenta un pliego acusatorio cuyo texto imputa un acto punible no tipificado en algún estatuto, o cuando el texto del pliego cree e impute, por analogía, una conducta delictiva. Empero, si el texto de la acusación imputa hechos constitutivos de algún delito creado al amparo de alguna ley, no procede la desestimación bajo el inciso (a), pues dicha desestimación solo procede "cuando consideradas como ciertas o verdaderas las alegaciones contenidas en el pliego acusatorio, tales alegaciones no imputan delito alguno bajo las

---

[5] Véase el Artículo 2 del Código Penal, 33 LPRA sec. 5002, el cual define el principio de legalidad de la siguiente manera: "No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial … No se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad".

leyes penales de Puerto Rico".[6] Siendo ello así, determinamos que el peticionario eligió erróneamente el fundamento examinado puesto que no adujo que la acusación adolecía de una violación al principio de legalidad.

Adentrémonos en el análisis del inciso (i) sobre la autoridad del fiscal para presentar la acusación. Este mecanismo de desestimación esta disponible cuando el fiscal que presenta la acusación carece de autoridad para hacerlo. Como examinamos, el Tribunal Supremo ha decretado que la autoridad mencionada en el inciso es la inherente al cargo de fiscal según expresado y definido en ley. Dicho de otra forma, el inciso permite la desestimación de una acusación cuando el fiscal quien la presenta no ostenta la potestad en ley para hacerlo, como sería el caso de un fiscal cuyo término haya vencido al momento de presentar el pliego acusatorio. Fíjese que, este fundamento no contempla una desestimación amparada en una discrepancia entre lo imputado en la denuncia y el texto de la acusación, pues como bien señaló el Alto Foro en *Pueblo v. Torres, Esparra, supra*, ante tal circunstancia, el vehículo procesal adecuado para impugnar la acusación es el inciso (p) de la Regla 64, *supra*. Dado que el argumento del Sr. Canales Jusino se ancla en que el Ministerio Público no estaba autorizado a incluir una frase en la acusación que no obrara en el texto de la denuncia, asimismo concluimos que el peticionario erró al solicitar la desestimación al amparo del inciso (i) de la Regla 64, *supra*.

Dicho lo anterior, evaluaremos los argumentos del peticionario al amparo del inciso (p), el cual contempla una desestimación cuando la acusación se presenta tras una determinación de causa probable que incumple con el arreglo de

---

[6] E.L. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, *supra,* págs. 143-144.

ley y derecho. Tal incumplimiento se refiere, en lo pertinente, a **una ausencia total de prueba sobre un elemento del delito imputado**. Empero, conforme al derecho previamente citado, para persuadir al tribunal, se tiene que demostrar una ausencia *total* de prueba legalmente admisible, de no cumplirse con este requisito, no procederá la desestimación de la acusación.

A la luz del estándar de revisión citado, y de un análisis exclusivamente basado en el texto de la acusación, no podemos concluir que la acusación esta huérfana de prueba sobre el elemento subjetivo del delito. El texto del pliego claramente lee que el peticionario "conducía de forma negligentemente y con claro menosprecio a la seguridad".[7] Cuando comparamos ese lenguaje con el utilizado por el legislador, quien tipificó causarle la muerte a alguien mientras se maneja de "un vehículo de forma imprudente o negligentemente", es forzoso concluir que el peticionario quedó debidamente informado del delito por el cual se le acusa. Recordemos pues, que no es necesario especificar la totalidad de las circunstancias en que se cometió el delito, sino que basta con consignar los elementos del delito imputado en forma que constituya una debida notificación.

Enfatizamos que el análisis que hicimos fue únicamente basado en el texto de la acusación pues el peticionario no nos proveyó la prueba oral vertida en la vista preliminar para examinar si el pliego acusatorio refleja el testimonio prestado en dicha vista. Ello, pues ese examen de prueba es precisamente el ejercicio que este tribunal debe emplear para analizar la suficiencia de una acusación al amparo del inciso (p) de la Regla 64 de Procedimiento Criminal, *supra.*[8]

---

[7] Véase, Petición de *Certiorari*, apéndice núm. 3.
[8] *Pueblo v. Nieves Cabán, supra; Pueblo v. Negrón Nazario, supra.*

Nos enfrentamos a idéntico impedimento cuando atendemos el argumento del peticionario de que el Ministerio Público incluyó la frase "no guardando distancia" en la acusación a pesar de que no se presentó prueba sobre dicho elemento fáctico. Reiteramos, el Sr. Canales Jusino no colocó a este tribunal en posición de evaluar la prueba vertida en la vista preliminar, privándonos así de atender su señalamiento de error.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, expedimos el auto de *Certiorari* solicitado por el señor Manuel A. Canales Jusino, a los fines de confirmar las tres Resoluciones emitidas el 17 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones